■ In the Matter of CHRISTOPHER MM., a Child Alleged to be Abandoned. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JACK MM., Appellant. [620 NYS2d 853] —Crew III, J. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered September 23, 1993, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to,. *inter alia,* adjudicate Christopher MM. an abandoned child, and terminated respondent's parental rights.

Respondent is the father of Christopher MM. (born in Jan. 1987). In September 1992, petitioner commenced this proceeding to terminate respondent's parental rights on the ground that he abandoned Christopher for a period of six months prior to the filing of the petition.\* Following a fact-finding hearing, Family Court sustained the petition and terminated respondent's parental rights. This appeal ensued.

We affirm. The record reveals that respondent had no contact with Christopher since December 1988, and while respondent claims that he made efforts to contact his son in 1992 by contacting the family of the boy's mother, this merely presented a credibility issue for resolution by Family Court *(see, Matter of Gina RR.,* 197 AD2d 757, 758). Even crediting respondent's testimony that he made three phone calls to the grandparents, such efforts were minimal and insubstantial under the circumstances of this case and, without more, fail to demonstrate any genuine effort to contact Christopher, let alone to exercise any parental rights or responsibilities *(see, Matter of Jeremy TT.,* 206 AD2d 632, 633). Finally, there is no evidence that petitioner prevented or discouraged respondent from visiting or communicating with Christopher *(see,* Social Services Law § 384-b [5] [a]) and, contrary to respondent's

---

\* Petitioner also commenced a permanent neglect proceeding against Christopher's mother *(see, Matter of Shannon U.,* 210 AD2d 752 [decided herewith]).

protestations, petitioner had no obligation to exercise diligent efforts to encourage visits or communications between respondent and his child (see, Social Services Law § 384-b [5] [a], [b]; *Matter of Anonymous,* 40 NY2d 96, 102; *Matter of John Z.,* 209 AD2d 821).

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.