■ In the Matter of MICHELLE S., a Child Alleged to be Abandoned. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CYNTHIA S., Appellant. [652 NYS2d 118] —White, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered March 2, 1995, which granted

petitioner's application in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Michelle S. an abandoned child, and terminated respondent's parental rights.

Respondent is the mother of Michelle S., born in 1993, who has been in the custody of petitioner since August 23, 1993. On August 22, 1994, petitioner filed a petition alleging abandonment of the child by respondent for a period of over six months. Following a fact-finding hearing at which respondent testified, Family Court determined that respondent had abandoned the child and terminated her parental rights.

The record reveals that respondent has seen the child on only two occasions, both times at the hospital within 10 days after her birth. After giving birth to the child respondent was homeless with no permanent address, and subsequently suffered various injuries, apparently as a result of assaults by a domestic partner, which required brief hospitalizations in November 1993 and January 1994. Although respondent's caseworkers made several attempts to arrange regular visitations with her daughter, respondent either ignored or rejected their efforts. She traveled to Evanston, Illinois, in the spring of 1994 to stay with the father of her first three children, who apparently had been placed for adoption. Although respondent contends that she made several calls to petitioner from Illinois, it appears that none of these calls requested visitation or evinced any concern about her child, and after her return to Tompkins County in July 1994 she continued to make no effort to contact her daughter.

Social Services Law § 384-b (5) (a) provides that an abandonment occurs if a parent evinces an intent to forego her parental rights as manifested by a failure to visit the child and communicate with the child or agency although able to do so, if not prevented nor discouraged from so doing by the agency. It is evident that when proceeding on grounds of abandonment an agency need not prove that it exercised diligent efforts to encourage and strengthen the parental relationship (*see, Matter of Anthony M.*, 195 AD2d 315, 317). In addition, minimal contacts or sporadic and insubstantial contacts by the parent are insufficient to defeat an abandonment petition which is otherwise supported by clear and convincing evidence (*see, Matter of Christopher MM.*, 210 AD2d 767, *lv denied* 85 NY2d 807; *Matter of Gina RR.*, 197 AD2d 757, 759; *Matter of Michael W.*, 191 AD2d 287; *Matter of Leabert V.*, 174 AD2d 883, 884; *Matter of Ravon Paul H.*, 161 AD2d 257).

Here, although petitioner encouraged visitation with her daughter, respondent saw her child shortly after birth and

never attempted to visit her thereafter. In addition, respondent moved to another jurisdiction for several months, had only one corroborated contact of any significance with petitioner within the six months preceding the filing of the abandonment petition, and offered no viable explanation for her lack of communication. Based on this record, we find that Family Court was correct in finding the child to be abandoned by respondent and ordering that the parental rights of respondent be terminated (*see, Matter of Richard X.*, 226 AD2d 762, 764-765, *lv denied* 88 NY2d 808).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.