■ In the Matter of NAHIEM G., a Child Alleged to be Abandoned. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MONTE H., Appellant. [659 NYS2d 950] —Peters, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered May 14, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law 384-b, to adjudicate Nahiem G. to be an abandoned child, and terminated respondent's parental rights.

Respondent is the biological father of Nahiem G. (born in 1993). In April 1994, the child was placed in the care of petitioner who moved him to a foster home run by the Parsons Child and Family Center (hereinafter Parsons) where he has remained ever since. On August 8, 1995, petitioner sought to terminate respondent's parental rights, alleging that in the six months preceding the filing date respondent had no contact with the child or petitioner, with the exception of April 25, 1995 when both petitioner and respondent were present in Family Court.

At the fact-finding hearing, petitioner offered the testimony of Marsha Descartes, supervisor of the foster care unit, who testified that she approached respondent in August 1994 at a court proceeding and gave respondent her name and telephone number. Although he stated, when asked, that he would like to set up a visit to see his child, he never called Descartes and

Descartes could not reach respondent at the telephone number he provided.

Susan Burns, petitioner's caseworker, testified that she was present with respondent at another proceeding concerning this child in December 1994. At that time, Burns obtained respondent's address from the child's biological mother, but subsequent efforts to contact respondent at such address proved futile. Burns also stated that respondent had no contact with either her or the child for two years and that the child did not know who respondent was. Sharon Kirby, a Parsons caseworker, confirmed that since the child's placement in foster care, respondent had no contact with either her or the infant. Both she and Burns testified to the bonding which had occurred between the foster parents and the child and recommended that the child be freed for adoption.

The child's foster mother also testified that respondent never communicated with either her or the child by telephone, never sent letters or gifts and that the child never asked about respondent. Respondent neither testified nor called any witnesses at either the fact-finding or dispositional hearings. The Law Guardian recommended that respondent's parental rights be terminated. Family Court found that respondent had abandoned the child within the meaning of Social Services Law § 384-b and terminated respondent's parental rights. This appeal ensued.

We reject outright respondent's contentions that attendance at Family Court proceedings constitutes sufficient contact with petitioner to preclude a finding of abandonment. Acknowledging that the agency must prove abandonment by clear and convincing evidence (*see,* Social Services Law § 384-b [3] [g]; *Santosky v Kramer,* 455 US 745) and that the burden befalls a respondent to show that sufficient contacts with the child or agency were maintained (*see, Matter of Julius P.,* 63 NY2d 477; *Matter of Christopher MM.,* 210 AD2d 767, *lv denied* 85 NY2d 807), it is by now well established that minimal, sporadic or insubstantial contacts will not be sufficient to defeat an otherwise viable claim of abandonment (*see, Matter of Richard X.,* 226 AD2d 762, *lv denied* 88 NY2d 808; *Matter of Samantha V.,* 200 AD2d 796; *Matter of Cecelia A.,* 199 AD2d 582; *Matter of Alexander V.,* 179 AD2d 913).

It is undisputed that respondent's only contact with petitioner during the relevant six month period was on April 25, 1995 at a court proceeding where he failed to speak to petitioner or inquire about his child. When this evidence is coupled with respondent's failure to have any contact with the

child, not only during the relevant period but also for two years prior to the dispositional hearing, it becomes "clear * * * that respondent long since evinced an intent to forego his parental rights and obligations, having failed to establish even the most limited contact" (*Matter of Crawford*, 153 AD2d 108, 111; *see, Matter of Christopher MM., supra*). With clear and convincing evidence supporting a finding of abandonment, we further note that respondent offered no evidence to explain his failure to contact his son's caretakers (*see, Matter of John Z.*, 209 AD2d 821), or that he was prevented or discouraged by petitioner from so communicating (*see, Matter of Richard X., supra*). Although petitioner is not obligated to demonstrate diligent efforts to encourage communication (*see, Matter of Crawford, supra; Matter of Richard X., supra; see also*, Social Services Law § 384-b [5] [b]), we note that such attempts were made by both Descartes and Burns. In finding that Family Court properly declined the request to stay the dispositional hearing until the resolution of the pending neglect petition lodged against the biological mother (*see, e.g., Matter of Christopher MM., supra*, at 767, n), we affirm the order of the Family Court in its entirety.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.