■ In the Matter of CANDICE K. and Another, Children Alleged to be Abandoned. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM K., Appellant. [666 NYS2d 791] —Spain, J. Appeal from an order of the Family Court of Tompkins County (Barrett, Jr., J.), entered March 27, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children as abandoned, and terminated respondent's parental rights.

Respondent is the father of two daughters born in 1986 and 1989. The children were committed to petitioner's care on January 26, 1994, as the result of respondent's incarceration for a violation of probation and prior complaints that he failed to adequately supervise and care for the children, who were placed in foster care with respondent's sister-in-law. Thereafter, on August 17, 1995, petitioner commenced this proceeding seeking a determination that respondent abandoned his children and further requested termination of respondent's parental rights. Following a fact-finding hearing at which respondent's sister-in-law, respondent's case worker and respondent testified, Family Court granted the petition, terminated respondent's parental rights and continued custody of the children with petitioner. Respondent appeals.

We affirm. It is well established that an agency must prove by clear and convincing evidence that a parent has abandoned the children (*see, Matter of Nahiem G.*, 241 AD2d 632, 634; *see also*, Social Services Law § 384-b [3] [g]; *Santosky v Kramer*, 455 US 745). "A finding of abandonment is warranted where it is shown * * * that the [parent has] failed to have contact with the children or the agency during the six-month period immediately prior to the date of filing the petition" (*Matter of Richard X.*, 226 AD2d 762, 764-765, *lv denied* 88 NY2d 808; *see*, Social Services Law § 384-b [4] [b]). Abandonment occurs when a "parent evinces an intent to forego [his or] her parental rights as manifested by a failure to visit the child and com-

municate with the child or agency although able to do so, if not prevented nor discouraged from so doing by the agency" (*Matter of Michelle S.*, 234 AD2d 800, 801; *see,* Social Services Law § 384-b [5] [a]). It was respondent's burden to show that he maintained sufficient contacts with the children (*see, Matter of Nahiem G., supra,* at 633; *see also, Matter of Julius P.*, 63 NY2d 477; *Matter of Christopher MM.*, 210 AD2d 767, *lv denied* 85 NY2d 807). Notably, an abandonment petition is not defeated by a showing of sporadic and insubstantial contacts where clear and convincing evidence otherwise supports granting the petition (*see, Matter of Christopher MM., supra*; *Matter of Alexander V.*, 179 AD2d 913, 914; *Matter of Leabert V.*, 174 AD2d 883, 884).

Here, the record reveals that in July 1994, when respondent requested bi-weekly visits for two hours, he was informed by petitioner that he could see his children more often and for longer periods of time. Despite the invitation, respondent opted for the two hours every two weeks because he needed the time to get his life in order. Petitioner set up a schedule for visits every other Saturday, including a special Christmas visit in 1994. Respondent's last scheduled visit with his children was on September 17, 1994. Although petitioner attempted to contact him to schedule additional visits, between the September 1994 visit and August 1995 there were no visits with the exception of one time in 1995 when respondent went to the children's foster home unannounced; however, when he found that the children were busy he left, promising to return the next day and he did not return. During this extended period of time respondent did not initiate any telephone contact and he sent no cards or gifts on their birthdays or holidays. Although on a number of occasions in 1995 he made informal contacts with the children while he was living across the street from the church they attended, these brief and happenstance encounters were not of sufficient frequency, substance or quality so as to defeat the clear and convincing evidence of abandonment in the record (*see, Matter of Michelle S.*, 234 AD2d 800, 801, *supra*; *Matter of Christopher MM.*, 210 AD2d 767, *supra*). Furthermore, the record amply supports the conclusion that petitioner did not prevent or discourage respondent from visiting his children (*see,* Social Services Law § 384-b [5] [a]), but rather attempted to facilitate his visits and openly encouraged him to visit.

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.