■ In the Matter of SHAIANE W., a Child Alleged to be Abandoned. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL X., Appellant. [678 NYS2d 172] —Peters, J. Appeal from an order of the Family Court of Tomp-

kins County (Sherman, J.), entered August 8, 1997, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Shaiane W. an abandoned child and terminated respondent's parental rights.

Respondent is the father of Shaiane W., born in 1995. The child's mother, who suffers from a debilitating mental illness, was unable to care for the child and so, at the age of six months, she was removed from her mother's custody and placed in foster care by petitioner. At that time, respondent, who was never married to the child's mother, was a prison inmate. Following his release from prison in November 1995, a caseworker made several attempts to contact respondent to facilitate development of a plan for the child. Respondent did not respond until April 1996, when he contacted petitioner regarding a summons he had received to attend a child support hearing. Although petitioner provided respondent with transportation to the hearing, he failed to appear. It is notable that at no time has respondent endeavored to contact the child or her foster parent nor has he offered any financial support. In June 1996, respondent was again incarcerated and he is currently serving a prison sentence with a maximum term of 25 years.

Pursuant to Social Services Law § 384-b (5) (a), a child may be adjudicated as "abandoned" if his or her parent evinces an intent to forego parental rights by the failure to visit the child or to communicate with the child or agency, although able to do so and not discouraged or prevented from doing so by the agency, during the six months immediately preceding the date upon which the petition to terminate parental rights was filed (*see, Matter of Michelle S.*, 234 AD2d 800, 801). The record herein establishes that while petitioner made diligent efforts to contact respondent to assist him in establishing a parental relationship with the child, he failed to respond to the offer of services from petitioner and made no effort to communicate with the child or petitioner during the six months immediately prior to the filing of the instant petition on January 24, 1997. Despite his incarceration, respondent had the capacity to telephone and to make contact by mail and he has failed to show that he had good cause for his lack of communication (*see, Matter of Jasmine T.*, 162 AD2d 756, 757, *lv denied* 76 NY2d 714). We conclude that clear and convincing evidence supports the adjudication of the child as abandoned (*see, Matter of Michael B.*, 58 NY2d 71, 74). We further find that the termination of respondent's parental rights and release of the child for adoption is in her best interest (*see, Matter of Bennett v Jeffreys*, 40 NY2d 543, 547).

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.