In the Matter of AMANDA JJ., a Child Alleged to be Abandoned. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PENNY JJ., Appellant. [678 NYS2d 684] —Graffeo, J. Appeal from an order of the Family Court of Chemung County (O'Shea, J.), entered December 20, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be abandoned, and terminated respondent's parental rights.

Respondent is the mother of Amanda JJ. (born in 1990), who has been in the custody of petitioner and in foster care since an emergency removal in April 1993. A neglect petition was filed against respondent in May 1993 which resulted in a dispositional order granting temporary custody to the Department of Social Services and the child's placement was twice extended. On September 1, 1995, petitioner sought to terminate respondent's parental rights on the basis that she abandoned her child. Family Court thereafter ordered that a psychiatric evaluation of respondent be conducted pursuant to a request by respondent's assigned counsel. After respondent's failure to appear for her evaluation, a warrant for her arrest was issued and respondent was subsequently examined at Elmira Psychiatric Center in July 1996. Evaluations were forwarded to the court by two psychiatrists who both opined that respondent had the mental capacity to understand the proceedings and assist in her defense.

At the fact-finding hearing conducted in September 1996, Angela Sterns, respondent's caseworker since October 1994, testified that respondent's contact with the child had been sporadic and had ceased in February 1995 when she sent a package to the child containing miscellaneous items. Respondent's last visit with the child occurred on October 7, 1994 at petitioner's office. The child's foster mother, Jean Rutzke, similarly testified that respondent did not communicate with the child in any manner subsequent to February 1995. Respondent neither testified nor presented any evidence contesting petitioner's allegations. By order dated October 11, 1996, Family Court determined that petitioner had proven by clear and convincing evidence that respondent had abandoned the child and respondent's parental rights were terminated. Following a dispositional hearing, Family Court transferred custody and guardianship to petitioner for adoption. Respondent appeals.

Based upon our review of the record, we find that petitioner established by clear and convincing evidence that respondent manifested an intent to relinquish her parental rights by failing to communicate with the child or agency during the six months immediately preceding the filing of the petition on September 1, 1995 (*see*, Social Services Law § 384-b [4] [b]; [5]; *Matter of Candice K.*, 245 AD2d 821; *Matter of Nahiem G.*, 241 AD2d 632; *Matter of Naticia Q.*, 226 AD2d 755). Since respondent failed to rebut the testimony of Sterns and Rutzke or demonstrate that the lack of contact was justified, she abandoned her daughter within the meaning of Social Services Law § 384-b (*see*, *Matter of Richard X.*, 226 AD2d 762, 765, *lv*

*denied* 88 NY2d 808; *Matter of Christopher MM.*, 210 AD2d 767, *lv denied* 85 NY2d 807; *Matter of John Z.*, 209 AD2d 821; *Matter of Alexander V.*, 179 AD2d 913). Moreover, the record is devoid of any evidence suggesting that respondent was prevented or discouraged from communicating with the child (*see, Matter of Nahiem G., supra,* at 634; *Matter of Richard X., supra*). To the contrary, testimony revealed that respondent was aware of her child's address, she was capable of communicating with the child and although not required to do so, visitation was encouraged and facilitated by petitioner (*see, Matter of John Z., supra,* at 822). In addition, Sterns testified that on December 29, 1994 respondent appeared at petitioner's office to make an application for public assistance and, during Sterns' meeting with respondent, she made no arrangements to visit with the child.

We reject respondent's contention that Family Court erred in failing to consider respondent's alleged mental illness in making its determination. We note that based on the request of respondent's attorney, the court appointed a guardian ad litem and ordered a psychiatric examination of respondent which revealed that she was able to understand the nature of the proceedings and participate in her defense. At the hearing, respondent did not present any evidence of mental incapacity despite being informed by the court of her right to do so. Further, Sterns testified that she was not aware of any physical or mental disability that prevented respondent from visiting the child. Hence, no evidentiary basis existed for Family Court to conclude that respondent's mental capacity was diminished or that the alleged incapacity affected her ability to communicate with the child (*see, Matter of Naticia Q., supra,* at 756; *compare, Matter of Jonna H.*, 252 AD2d 839).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.