■ In the Matter of ALEX MM., a Child Alleged to be Abandoned. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JACQUELINE NN., Appellant. [688 NYS2d 707] —Mercure, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered November 24, 1997, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Alex MM. to be an abandoned child, and terminated respondent's parental rights.

Respondent's child, Alex MM. (hereinafter the child), was taken from respondent 21 days following his birth due to the fact that respondent had used cocaine during her pregnancy and the child tested positive for cocaine at birth. Shortly thereafter, a neglect adjudication was made and the child was placed in petitioner's custody for an initial period of one year, thereafter extended to July 10, 1997.

On July 28, 1997, petitioner filed the present petition seeking an adjudication that respondent abandoned the child for the period of six months immediately preceding the filing of the petition in that she evinced an intent to forego her parental rights and obligations as manifested by her failure to visit the child and communicate with the child or petitioner although able to do so (*see*, Social Services Law § 384-b [4] [b]; [5] [a]). Following a fact-finding hearing, Family Court determined that petitioner established a prima facie case of abandonment by clear and convincing evidence in that respondent had no contact with the child or with petitioner for a period of six months preceding the filing of the petition and that respondent failed to show that she was unable to visit or communicate with the child during the same six-month period. Family Court therefore found that the child was an abandoned child. Finally, Family Court dispensed with a dispositional hearing and terminated respondent's parental rights. Respondent now appeals from the order entered thereon.

Initially, we reject the contention that petitioner failed to prove by clear and convincing evidence that the child was abandoned by respondent. The uncontroverted evidence ad-

duced at the fact-finding hearing established that respondent attended no scheduled visits with the child after November 28, 1996 and had no contact with petitioner after January 22, 1997. For her part, respondent testified to two brief chance encounters with the child where the child's foster mother was driving down the street, saw respondent and stopped to talk. According to respondent, however, the first such encounter took place just before Christmas of 1996, prior to the commencement of the critical six-month period, and the second took place at an undetermined time during the summer of 1997, which respondent acknowledged could have followed the filing of the petition. In any event, even if they took place within that six-month period, we conclude that the visits described by respondent were minimal, sporadic and insubstantial and, thus, insufficient to defeat petitioner's claim of abandonment (*see, Matter of Nahiem G.*, 241 AD2d 632, 633). Finally, respondent's explanation that she did not visit with the child because she had heard that there was an outstanding warrant for her arrest and that she was receiving treatment for her substance abuse problem fell far short of the required showing of difficulties so permeating her life as to make contact unfeasible (*see, Matter of John Z.*, 209 AD2d 821, 822).

Finally, unlike the situation in a proceeding for an order committing the guardianship and custody of a child based upon the ground of permanent neglect as defined in Social Services Law 384-b (7), which is specifically controlled by Family Court Act article 6 (Family Ct Act § 611) and its requirement of a dispositional hearing (Family Ct Act § 631; *see, Matter of Kelly G.*, 244 AD2d 709, 710; *Matter of Shavonda GG.*, 232 AD2d 780), there is no statutory requirement that a dispositional hearing be conducted in connection with a proceeding based upon the ground of abandonment as defined in Social Services Law § 384-b (5) (*see, Matter of Israel R.*, 200 AD2d 498, 499; *cf., Matter of Joyce T.*, 65 NY2d 39, 49). Further, based upon the evidence adduced at the fact-finding hearing, we conclude that Family Court did not abuse its discretion in dispensing with a dispositional hearing.

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.