■ In the Matter of OMAR RR. and Another, Children Alleged to be Abandoned. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FELICIA SS., Appellant. [703 NYS2d 604] —Peters, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered September 30, 1998, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children as abandoned, and terminated respondent's parental rights.

Respondent is the mother of Omar RR. (born in 1986) and Lisa RR. (born in 1989), who have been in petitioner's custody and in foster care since April 1997. On January 6, 1998, petitioner commenced this proceeding, pursuant to Social Services Law § 384-b, to terminate respondent's parental rights. Following a fact-finding hearing, Family Court determined by

clear and convincing evidence that respondent had abandoned the children. Thereafter, a dispositional hearing was held; respondent failed to appear. After such hearing, Family Court rendered a decision terminating her parental rights and transferring custody and guardianship to petitioner for adoption. Respondent appeals.

An " '[a]bandonment occurs when a "parent evinces an intent to forego [his or] her parental rights as manifested by a failure to visit the child and communicate with the child or agency although able to do so, if not prevented or discouraged from doing so by the agency" ' " (*Matter of Charles U.*, 254 AD2d 588, 589, quoting *Matter of Candice K.*, 245 AD2d 821, 821-822, quoting *Matter of Michelle S.*, 234 AD2d 800, 801; *see*, Social Services Law § 384-b [5] [a]). A finding of abandonment must be based upon " 'clear and convincing evidence that the [parent has] failed to have contact with the [child] or the agency during the six-month period immediately prior to the date of filing the petition' " (*Matter of Charles U.*, *supra*, at 588, quoting *Matter of Richard X.*, 226 AD2d 762, 764, *lv denied* 88 NY2d 808; *see*, Social Services Law § 384-b [4] [b]).

The record reveals that during the relevant period from July 6, 1997 to January 7, 1998, respondent did not visit with the children. She had telephone contact with her caseworker on August 7, 1997 at which time she made an unrelated request. According to such caseworker, respondent was slurring her words and sounded intoxicated. The caseworker's second contact with respondent occurred on September 30, 1997 at the Family Court appearance where she admitted to neglect. At that time, the caseworker offered to set up a visit between respondent and the children which she refused. A third and final contact occurred on October 23, 1997 when respondent telephoned her caseworker to arrange for a visit with the children. As the initial removal of the children was due to respondent's abuse of alcohol and that despite later placement in a treatment program respondent had admittedly failed to attend, the request for an immediate visit was denied upon the caseworker's assessment that respondent was intoxicated as indicated by her slurred speech. The caseworker stated, however, that she would schedule a visit when respondent was able to produce a clean urine screen. The record further reveals that respondent gave the caseworker an incorrect home telephone number and moved from her residence without providing a forwarding address.

As to any contention raised that respondent did not visit with the children due to her understanding that she was not

permitted to do so or that her struggle with alcohol abuse and various health problems throughout the relevant period precluded her ability to maintain contact, we note that in light of the fact that she lives independently, has a telephone and admitted to knowing the telephone number of both the foster home and her caseworker, no basis exists to conclude that there was good reason for her failure to visit or communicate with the children (*see, Matter of Christina S.*, 251 AD2d 982; *see also, Matter of Alex MM.*, 260 AD2d 675, 676), even when the caseworker attempted to defer visitation pending the outcome of a clean urine test (*see, e.g., Matter of Latif HH.*, 248 AD2d 831; *Matter of Tasha B.*, 240 AD2d 778).

Although respondent testified to more frequent contacts with the children, including a chance encounter with her daughter while she was riding the school bus, settled precedent dictates that "an abandonment petition is not defeated by a showing of sporadic and insubstantial contacts where clear and convincing evidence otherwise supports granting the petition" (*Matter of Candice K., supra*, at 822; *see, Matter of Alex MM., supra*; *Matter of Latif HH., supra*; *Matter of Nahiem G.*, 241 AD2d 632; *Matter of Tasha B., supra*).

Having fully considered and rejected respondent's remaining contentions, we affirm the order of Family Court.

Mercure, J. P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.