■ In the Matter of PETER F., a Child Alleged to be Abandoned. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PETER E., Appellant. [721 NYS2d 879] —Lahtinen, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered November 11, 1999, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be abandoned, and to terminate respondent's parental rights.

Respondent is the father of Peter F. who was born in 1987. In December 1995, respondent was found to have sexually abused and neglected Peter's older sister and thereby deriva-

tively neglected Peter while they were all living in the same household. As a result of this finding, respondent was forbidden to have contact with Peter's older sister and permitted only supervised visitation with Peter. In May 1997, for reasons not germane to this appeal, Peter was removed from his mother's custody and placed in petitioner's custody and in foster care. As a result of respondent's alleged failure to plan for the return of his son, visit with the child[1] or keep petitioner informed of his whereabouts, petitioner commenced this proceeding in October 1998 seeking to terminate respondent's parental rights based on his alleged abandonment of Peter (see, Social Services Law § 384-b [4] [b]; [5] [a]).

Following a fact-finding hearing at which respondent testified and presented other evidence, Family Court determined that petitioner established by clear and convincing proof that respondent abandoned Peter during the six months immediately prior to the commencement of this proceeding by not attempting to contact petitioner during that period[2] and that respondent was not discouraged or prevented from contacting petitioner in order to set up visits with Peter. Family Court dispensed with a dispositional hearing, finding that such a hearing is not required when abandonment has been proven (see, Matter of Alex MM., 260 AD2d 675, 676), and terminated respondent's parental rights and committed guardianship and custody of Peter to petitioner[3] Respondent appeals.

On appeal respondent claims that Family Court erred in determining that he abandoned his son, arguing that the mere absence of contact with the child is not sufficient to establish abandonment but requires a showing by petitioner that respondent's lack of contact was without good cause (see, Matter of Rose Marie M., 94 AD2d 734). Since we disagree that petitioner bears the burden to establish that respondent's lack of contact was without good cause and we find that respondent has failed to sustain his burden of proof in establishing that he was unable to visit or communicate with Peter, we affirm.

A finding of abandonment is warranted when petitioner establishes by clear and convincing evidence (see, Social Services Law § 384-b [3] [g]; Santosky v Kramer, 455 US 745; Mat-

---

1. Respondent was prohibited from contact with Peter's sister as a result of the earlier Family Court Act article 10 proceeding.

2. We note that the order from the underlying neglect proceeding required respondent's visitation with Peter to be arranged through petitioner.

3. The dispositional order appealed from pertains only to Peter. Family Court's decision found that respondent abandoned both Peter and his older sister.

*ter of Nahiem G.*, 241 AD2d 632, 633) that during the six-month period immediately prior to the filing of the petition, respondent failed to visit or communicate with his child or petitioner, although able to do so, if not prevented or discouraged from doing so by petitioner (*see, Matter of Arianna SS.*, 275 AD2d 498, 499). Minimal, sporadic and unsubstantial contacts with the child do not defeat petitioner's claim of abandonment (*see, Matter of Amber F.*, 272 AD2d 788, 789; *Matter of Alex MM., supra*, at 676; *Matter of Nahiem G., supra*, at 633). This lack of contact "evinces an intent to forego [respondent's] parental rights" (Social Services Law § 384-b [5] [a]; *see, Matter of Candice K.*, 245 AD2d 821) and shifts the burden to respondent to demonstrate that he maintained sufficient contact to preclude a finding of abandonment (*see, Matter of Arianna SS., supra*, at 499; *Matter of Charles U.*, 254 AD2d 588). The ability of respondent to visit and communicate with his child is presumed (*see*, Social Services Law § 384-b [5] [a]), requiring him to prove that he was unable to maintain contact with his child or petitioner or that he was discouraged or prevented from doing so by petitioner (*see, Matter of Alexa Ray R.*, 276 AD2d 703, 704).

The testimony of petitioner's foster care caseworker and her case notes, admitted into evidence, established that respondent visited his son a total of four times from the inception of her involvement as the foster care caseworker for the parties in June 1997 to the date of the filing of the petition seeking to terminate respondent's parental rights in October 1998 and that respondent initiated only sporadic telephone contact with the foster care caseworker during that same period.

Respondent claims that he and his companion called the foster care caseworker numerous times and left voice mail messages which were never returned, that he did not receive letters or other written communications from the caseworker despite filing change of address cards with the post office when he moved for a period of time to Rhode Island and to different addresses within the City of Kingston, Ulster County, and that a December 1997 hernia operation physically prohibited his visits with Peter. These claims were contradicted by the testimony of petitioner's foster care caseworker and the documentary evidence she provided, respondent's statement in court that he has "always been in Kingston," and his own testimony that he was physically able to attend medical appointments and workers' compensation hearings subsequent to his surgery. Further, respondent does admit that he received notice of and attended the Family Court hearing held for the purpose of extending the children's foster care placement in

June 1998 but, incredibly, did not attempt to speak to petitioner's foster care caseworker who was present. Additionally, though afforded an adjournment of this proceeding to secure documentary evidence of his alleged telephone contacts with the caseworker, respondent failed to produce any such evidence.

The above contradictory testimony concerning respondent's inability to visit or communicate with his son raised credibility issues to be determined by Family Court and " '[those] findings must be accorded the greatest respect' " (*Matter of Ashton*, 254 AD2d 773, *lv denied* 92 NY2d 817, quoting *Matter of Brandy J.*, 236 AD2d 894). The record fully supports Family Court's determination that respondent abandoned his son and we find no reason to disturb it (*see, Matter of Arianna SS., supra; Matter of Charles U., supra; Matter of Nahiem G., supra*).

Finally, we note that Family Court correctly held that a proceeding based on the ground of abandonment does not require a dispositional hearing (*see, Matter of Alex MM.*, 260 AD2d 675, 676, *supra*) and that Family Court's dispositional order was properly made.

Crew III, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.