■ In the Matter of JOVANTAY U. and Another, Children Alleged to be Abandoned. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIAWAUN U., Appellant. [749 NYS2d 103] —Carpinello, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.H.O.), entered February 2, 2001, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be abandoned, and terminated respondent's parental rights.

Respondent is the father of two young children (born in 1995 and 1996) who were placed in petitioner's care in April 1998 after the filing of a neglect petition against their mother with whom they resided. Although respondent first learned that the children were in foster care in early 1999, he made no effort to contact them at that time. Rather, his initial efforts at contact occurred in April 2000, when he left two telephone messages for their caseworker. Although the caseworker promptly returned these calls and left messages, they were never returned. In April 2000, respondent also petitioned for visitation, but the petition was dismissed after respondent failed to appear for a scheduled hearing. Petitioner commenced this proceeding in May 2000 to terminate respondent's parental rights on the ground of abandonment. Following a fact-finding hearing, Family Court found that respondent had abandoned the children, terminated his parental rights and committed their guardianship and custody to petitioner. Respondent appeals.

Petitioner was required to prove, by clear and convincing evidence, that respondent, although able to do so, failed to visit or communicate with the children or petitioner during the six-month period immediately preceding the filing of the petition and that he was not discouraged or prevented from doing so by petitioner (*see Matter of Peter F.*, 281 AD2d 821, 822-823; *Matter of Arianna SS.*, 275 AD2d 498, 499; *see also* Social Services Law § 384-b [4] [b]; [5] [a]). Significantly, minimal, sporadic or unsubstantial contacts are insufficient to defeat petitioner's

claim of abandonment (*see Matter of Peter F., supra* at 823; *Matter of Omar RR.*, 270 AD2d 588, 590). Furthermore, because respondent's ability to visit and communicate with his children is presumed, the onus is on him to establish good cause for his failure to do so (*see Matter of Peter F., supra* at 823; *Matter of Richard X.*, 226 AD2d 762, 765, *lv denied* 88 NY2d 808).

Upon our review of the record, we affirm. Respondent was aware that his children were in petitioner's care as early as the spring of 1999, yet his first attempts to contact them did not occur until one year later. Moreover, his initial efforts in this regard, namely the two telephone calls to the caseworker, were unsuccessful because respondent failed to return the caseworker's phone messages. Respondent then failed to follow through on his effort to obtain court-ordered visitation. Although he testified that he was unable to appear at the hearing because he was undergoing inpatient drug rehabilitation, we note that his stay at that facility lasted only 16 days and that he made no further attempts to contact the children or to re-petition for visitation. These minimal efforts at contact were patently insufficient to undermine petitioner's claim of abandonment. Finally, respondent acknowledges that petitioner did not in any way discourage or prevent him from having contact with his children. Under these circumstances, Family Court's finding of abandonment was entirely appropriate.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.