Peters, J.
Appeal from an order of the Family Court of Albany County (Duggan, J.), entered November 27, 2002, which granted petitioner’s application, in a proceeding pursuant to Social Ser *836 vices Law § 384-b, to adjudicate respondent’s child to be abandoned, and terminated respondent’s parental rights.
Kerrianne AA. (born in 1989) was removed from respondent’s custody and placed with petitioner on May 18, 1999 where she has remained. In March 2002, a petition was filed to terminate respondent’s parental rights solely on the ground of abandonment. After a fact-finding hearing, Family Court found that petitioner demonstrated, by clear and convincing evidence, that respondent abandoned her daughter as defined by Social Services Law § 384-b (5) (a). At the conclusion of the dispositional hearing, respondent’s parental rights were terminated and this appeal followed.
A finding of abandonment will not be disturbed if it can be “established, by clear and convincing evidence, that during the six-month period immediately prior to the date of the filing of the petition, respondent failed to visit or communicate with the child or petitioner although able to do so, if not prevented or discouraged from doing so by petitioner” (Matter of Arianna SS., 275 AD2d 498, 499 [2000]; see Social Services Law § 384-b [5] [a]; Matter of Gabrielle HH., 306 AD2d 571, 572 [2003], lv granted 100 NY2d 512 [2003]; Matter of Michelle S., 234 AD2d 800, 801 [1996]). With the ability of respondent to visit and/or communicate presumed (see Social Services Law § 384-b [5] [a]), the burden shifts to respondent to prove an inability to maintain contact or that petitioner discouraged or prevented her from doing so (see Matter of Peter F., 281 AD2d 821, 823 [2001]).
Renee Allen, a caseworker for petitioner, testified that other than a voice mail message received from respondent shortly before the commencement of the relevant six-month period, respondent made no contact with either the child or petitioner. Allen testified that in response to that voice mail message, she sent respondent a letter, dated September 18, 2001, which told her how to regain custody and advised her to contact either Allen or Mary Purdy, a clinician with Parson’s Child and Family Center, if she wished to set up visitation. Allen testified that, despite these directions, Purdy, who reported to her, confirmed that respondent made no contact during the relevant period.
Respondent’s counsel sought to challenge Allen’s testimony concerning the lack of contact by introducing a letter, dated January 28, 2002, from Purdy to Family Court which updated the child’s status in placement. While such letter detailed that respondent failed to attend counseling or arrange for visitation with Kerrianne, despite numerous reminders by petitioner, it also referenced a telephone conversation that respondent had with Purdy during the relevant period in which respondent *837 expressed an interest in resuming visitation. However, the record clearly shows that respondent did not visit, and that she did not testify or offer any witnesses at trial. Moreover, respondent successfully precluded Purdy from testifying at trial. Finding respondent’s reliance on Matter of Xena X. (279 AD2d 691 [2001]) misplaced and iterating that “minimal contacts or sporadic and insubstantial contacts by the parent are insufficient to defeat an abandonment petition which is otherwise supported by clear and convincing evidence” (Matter of Michelle S., supra at 801; see Matter of Omar RR., 270 AD2d 588, 590 [2000]), we decline to disturb the determination rendered.
In so finding, we recognize that, contrary to respondent’s contentions, petitioner had no responsibility on this termination petition based solely upon abandonment to demonstrate that it made diligent efforts to encourage a meaningful relationship between respondent and Kerrianne (see Social Services Law § 384-b [5] [b]; Matter of Gabrielle HH., supra at 572). Moreover, the record fails to support the claim that visitation was conditioned upon respondent’s participation in counseling or any other programs mandated by Family Court.
For all of these reasons, the finding of abandonment was proper (see Matter of Gabrielle HH., supra; Matter of Peter F., supra-, Matter of Omar RR., supra).
Mercure, J.P, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.