In the Matter of ANDREA A. and Others, Children Alleged to be Abandoned. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM B., Appellant. [785 NYS2d 164]—

Mugglin, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered January 8, 2004, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be abandoned, and terminated respondent's parental rights.

In August 2001, respondent stipulated to a custody and visitation order in which he agreed that visitation with his children would be subject to complying with any recommendations made after he obtained a mental health evaluation and enrollment in either an anger management or domestic violence program. Although these children were placed in the custody of petitioner in November 2002, respondent did not learn of this fact until December 2002 through a telephone call with petitioner. In a petition filed in August 2003, petitioner commenced this proceeding against respondent seeking to adjudicate the children to be abandoned. Following a fact-finding hearing, Family Court granted the petition and terminated respondent's parental rights.* Respondent appeals.

An agency seeking to terminate parental rights on the ground of abandonment must establish by clear and convincing evidence that the parent has failed to visit or communicate with the children or the agency for a period of six months prior to the filing of the petition, although able to do so and not discouraged or prevented by such agency from doing so (see Social Services Law § 384-b [5] [a]; Matter of Kerrianne AA. [Linda AA.], 1 AD3d 835, 836 [2003], lv denied 1 NY3d 507 [2004]; Matter of Gabrielle HH., 306 AD2d 571, 572 [2003], affd 1 NY3d 549, 550 [2003]). Here, respondent first maintains that he did have sufficient contact with petitioner to avoid a finding of abandonment.

The record clearly shows that shortly after the entry of the

* The biological mother voluntarily surrendered her parental rights to the children.

stipulated order of custody in 2001, respondent relocated to Georgia. He had no contact whatsoever with the children or petitioner until, in December 2002, he telephoned petitioner after learning from his mother that the children had been placed in petitioner's custody following allegations of neglect against the custodial mother. At this time, a caseworker for petitioner specifically informed respondent that compliance with the custody order was necessary prior to any contact or visitation with his children. Although respondent returned to New York in April 2003, he made no efforts to communicate with the children or petitioner until shortly before the institution of this proceeding. During these contacts with caseworkers, respondent was emphatically informed that he needed to complete the court-ordered services before he could contact his children. Although respondent claimed to have attempted to make contact several times during the relevant six-month period and pay child support, we concur in Family Court's determination that, during the operative period, respondent had virtually no contact with the children, foster parents or caseworkers. The extremely limited contact which did occur was clearly insufficient to overcome the clear and convincing evidence submitted in support of the abandonment petition (*see Matter of Kerrianne AA. [Linda AA.], supra* at 837; *Matter of Pasquale U.,* 279 AD2d 906, 907 [2001]; *Matter of Michelle S.,* 234 AD2d 800, 801 [1996]; *Matter of Jeremy TT.,* 206 AD2d 632, 633 [1994], *lv dismissed* 84 NY2d 1025 [1995]).

Next, respondent contends that petitioner affirmatively prevented contact with his children both by refusing to provide him with their location or contact information and by requiring him to complete the court-ordered assessments prior to allowing any contact or visitation. Although interference by petitioner with respondent's attempts to contact his children would defeat a finding of abandonment (*see* Social Services Law § 384-b [5] [a]; *Matter of Kerrianne AA. [Linda AA.], supra* at 836; *Matter of Xena X.,* 279 AD2d 691, 691-692 [2001]), respondent carries the burden with respect to this issue (*see Matter of Kerrianne AA. [Linda AA.], supra* at 836; *Matter of Peter F.,* 281 AD2d 821, 823 [2001]). In attempting to establish such interference, respondent points only to caseworkers refusing to allow him access to the children until he completed the court-ordered requirements. Insistence upon compliance with the court order is not interference or willful conduct sufficient to preclude a finding of abandonment under the circumstances.

As a final matter, respondent's argument that petitioner should have filed a neglect petition against him or taken the

necessary steps to insure that respondent satisfied the court-ordered requirements upon which visitation was conditioned is unpersuasive. In a proceeding to terminate parental rights based on abandonment, petitioner is not required to establish that it undertook steps necessary to enable reunification of the parent with the children (*see* Social Services Law § 384-b [5] [b]; *Matter of Gabrielle HH.*, 1 NY3d 549, 550 [2003]).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.