■ In the Matter of YVONNE N., a Child Alleged to be Permanently Neglected and Abandoned. GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENISE Z., Appellant. [791 NYS2d 673]—

Mercure, J. Appeal from an order of the Family Court of Greene County (Pulver, Jr., J.), entered September 4, 2003, which, inter alia, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Yvonne N. an abandoned child, and terminated respondent's parental rights.

In September 2000, respondent, then 15 years old and absent without leave from her own foster care placement, gave birth to Yvonne N. The Bronx County Department of Social Services removed the child from respondent's custody and placed her in a foster home. Although the child's father was subsequently granted custody, petitioner took custody two months later after the father was arrested for criminal possession of a controlled substance and, following his conviction, the father's parental rights were terminated (*see Matter of Yvonne N.*, 6 AD3d 769 [2004], *lv denied* 3 NY3d 604 [2004]). Respondent called petitioner a few times over the next several months seeking information about the child and on how to obtain custody. She was given only minimal information because she refused to provide proof of her identity or contact information after having run away from her own foster care placement again.

In April 2002, petitioner commenced this termination of

parental rights proceeding alleging abandonment, and respondent filed a petition for custody. Petitioner's application was thereafter dismissed, with leave to renew, for failure to comply with the notice provisions of Social Services Law § 384-b (3) (e). In November 2002, petitioner refiled its application. Following a trial, Family Court, among other things, granted petitioner's application based on abandonment, dismissed respondent's petition for custody as moot and freed the child for adoption. Respondent appeals and we now affirm.

It is well settled that "[a] finding of abandonment is warranted when petitioner establishes by clear and convincing evidence that during the six-month period immediately prior to the filing of the petition, respondent failed to visit or communicate with his [or her] child or petitioner, although able to do so, if not prevented or discouraged from doing so by petitioner" (*Matter of Peter F.*, 281 AD2d 821, 822-823 [2001] [citations omitted]). Contrary to respondent's arguments, petitioner was under no obligation in this abandonment proceeding to show that it exercised diligent efforts to encourage her relationship with the child (*see Matter of Gabrielle HH.*, 1 NY3d 549, 550 [2003]; *Matter of Pasquale U.*, 279 AD2d 906, 907-908 [2001]). Nor was Family Court precluded from considering evidence on respondent's lack of contact with the child prior to the six-month period immediately preceding the filing of the petition (*see e.g. Matter of Peter F., supra* at 823; *Matter of Nahiem G.*, 241 AD2d 632, 633-634 [1997]; *Matter of Christopher MM.*, 210 AD2d 767, 767 [1994], *lv denied* 85 NY2d 807 [1995]). Instead, once a lack of communication and visitation was established, "the burden [shifted to] respondent to demonstrate that she maintained sufficient contact with her child or petitioner . . . [and] sporadic or insubstantial contact is insufficient to defeat a finding of abandonment" (*Matter of Chantelle TT.*, 281 AD2d 660, 661 [2001] [citation omitted]; *see Matter of Peter F., supra* at 823).

Here, respondent failed to comply with requirements established shortly after the child's birth, which would have allowed her to regain custody of the child from the Bronx County Department of Social Services. That failure to comply, along with respondent's absence from her foster care placement, ultimately resulted in a suspension of visitation by the Bronx County Family Court. After the child entered petitioner's care, respondent contacted petitioner via telephone only four times and did not attempt to communicate with the child either directly or indirectly through petitioner. We reject as meritless respondent's argument that petitioner discouraged her efforts at communication by requiring that she appear in person and

present identification in order to obtain information about the child. Moreover, it cannot be said that either the denial of visitation or respondent's homelessness rendered unfeasible even the most minimal contact with the child (*see Matter of John Z.*, 209 AD2d 821, 822 [1994]). The record does reflect that respondent filed for custody in response to the petition herein, requested assistance in obtaining custody from her Bronx County caseworker and completed a parenting skills class. Nevertheless, we agree with Family Court that her infrequent and insubstantial contact with the child, both prior to and during the six-month period preceding the filing of the petition, evince an intent to forgo her parental rights and obligations (*see Matter of Peter F., supra* at 823-824; *Matter of Chantelle TT., supra* at 661; *Matter of Pasquale U., supra* at 907). Accordingly, the finding of abandonment was warranted here.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.