■ In the Matter of LEALA T., a Child Alleged to be Abandoned. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WAYNE T., Appellant. [— NYS2d —]—

Lahtinen, J. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered September 18, 2007, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be abandoned, and terminated respondent's parental rights.

Respondent is the father of Leala T. (born in 2002). The child was removed from the mother by petitioner in May 2005 and has since remained in foster care.* Other than one visit in July 2005, respondent did not communicate or maintain any contact with the child despite repeated efforts and warnings by petitioner to respondent of the need to plan for the child's future and the potential consequences of his failure to maintain contact with the child. Petitioner commenced this proceeding in January 2007 to terminate respondent's parental rights based upon abandonment. Following a fact-finding hearing, Family Court granted the petition. Respondent's parental rights were terminated and the child was freed for adoption. Respondent appeals.

Respondent argues that he suffers from a mental illness that rendered him unable to visit or communicate with the child during the relevant time. Petitioner bears the burden of establishing by clear and convincing evidence the elements of

---

* In a separate decision, this Court affirms an order terminating the mother's parental rights based on permanent neglect (*Matter of Leala T.*, 55 AD3d 997 [2008] [decided herewith]).

abandonment (*see Matter of Alec B.*, 34 AD3d 1110, 1110-1111 [2006]; *Matter of Yvonne N.*, 16 AD3d 789, 790 [2005]). A parent, however, is presumed to have the ability to visit or communicate with his or her child (*see* Social Services Law § 384-b [5] [a]; *Matter of Gabrielle HH.*, 306 AD2d 571, 573 [2003], *affd* 1 NY3d 549 [2003]), and a parent asserting an inability to visit or communicate must come forward with proof establishing the merits of such assertion (*see Matter of Jovantay U.*, 298 AD2d 641, 642 [2002]; *Matter of Peter F.*, 281 AD2d 821, 823 [2001]).

Here, respondent testified that he had mild attention deficit hyperactivity disorder and slight mania. Moreover, he interrupted the proceedings with occasional aberrant comments. However, no medical evidence regarding his condition was presented and Family Court had the advantage of viewing his conduct. We are unpersuaded that the record establishes that respondent's "problems so permeated his life as to make contact with his child[ ] or petitioner during the relevant time period infeasible" (*Matter of Alexander V.*, 179 AD2d 913, 915 [1992]).

We further find unavailing respondent's contention that it was reversible error for Family Court not to appoint a guardian ad litem for him at the fact-finding hearing. Respondent's conduct, while strange at times during the hearing, "did not establish that [he] was incapable of understanding the proceedings, defending [his] rights, or assisting [his] counsel" (*Matter of Shawndalaya II.*, 31 AD3d 823, 825 [2006], *lv denied* 7 NY3d 714 [2006]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

