Matter of Brooke T. (Terri T.) (2019 NY Slip Op 06948)





Matter of Brooke T. (Terri T.)


2019 NY Slip Op 06948


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


892 CAF 18-00088

[*1]IN THE MATTER OF BROOKE T. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; TERRI T., RESPONDENT-APPELLANT.






ROBERT GALLAMORE, OSWEGO, FOR RESPONDENT-APPELLANT. 
JEFFERY G. TOMPKINS, CAMDEN, FOR PETITIONER-RESPONDENT.
WALTER J. BURKARD, MANLIUS, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oswego County (James K. Eby, J.), entered December 13, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect and transferred guardianship and custody of the child to petitioner. We affirm.
Contrary to the mother's contention, petitioner established by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen her relationship with the child (see Matter of Soraya S. [Kathryne T.], 158 AD3d 1305, 1305-1306 [4th Dept 2018], lv denied 31 NY3d 908 [2018]; Matter of Holden W. [Kelly W.], 81 AD3d 1390, 1390 [4th Dept 2011], lv denied 16 NY3d 712 [2011]). Contrary to the mother's further contention, she was not denied effective assistance of counsel (see Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692 [2d Dept 2019]; Matter of Kelsey R.K. [John J.K.], 113 AD3d 1139, 1140 [4th Dept 2014], lv denied 22 NY3d 866 [2014]). Finally, Family Court did not err in failing, sua sponte, to appoint a guardian ad litem for the mother (see Matter of Leala T., 55 AD3d 1007, 1008 [3d Dept 2008]; cf. Matter of Jesten J.F. [Ruth P.S.], 167 AD3d 1527, 1527-1529 [4th Dept 2018]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court