In the Matter of VICTORIA K. and Others, Alleged to be Abandoned Children. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; JOSEPH K., Respondent.—Harvey, J. Appeal from four orders of the Family Court of Delaware County (Estes, J.), entered February 15, 1985, which dismissed petitioner's applications, in proceedings pursuant to Social Services Law § 384-b, to adjudicate Victoria, Vincent, Theresa and Vanessa K. abandoned children and terminate respondent's parental rights.

In May 1984, petitioner commenced these proceedings against respondent seeking orders determining his four children to be abandoned and committing the guardianship and custody of the children to petitioner. Although the children's mother was alive, petitioner sought commitment of the children based only upon allegations that respondent abandoned the children. Family Court dismissed the petitions without prejudice on the ground that, even if it determined that the children had been abandoned by respondent, the court could not commit their custody and guardianship to petitioner in the absence of consent of their mother or a termination of her parental rights. This appeal ensued.

We affirm. Social Services Law § 384-b was enacted to facilitate the freeing of children for adoption (Social Services Law § 384-b [1] [b]; Memorandum of the Temporary State Commission on Child Welfare, 1976 NY Legis Ann, at 239). Once guardianship and custody are in an authorized agency, the agency can consent to adoption (Domestic Relations Law § 111 [1] [f]; [2] [c]). However, guardianship and custody will be committed to the agency only upon the statutory grounds set forth in Social Services Law § 384-b (4). In order to proceed on the theory of abandonment, the agency must establish that the "parent or parents, whose consent to the adoption of the child would otherwise be required in accordance with section

one hundred eleven of the domestic relations law, abandoned such child for the period of six months" (Social Services Law § 384-b [4] [b]). Since Domestic Relations Law § 111 requires, except under limited circumstances, the consent of the mother, a finding of abandonment against respondent only would not free the children for adoption. Therefore, a proceeding under Social Services Law § 384-b (4) (b) to commit guardianship and custody of a child to an authorized agency based on abandonment must be maintained against both parents unless one parent is dead or has otherwise had their parental rights terminated.

Orders affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.