■ In the Matter of ANTWAN MALIK F., a Child Alleged to be Abandoned. CECILIA F., Appellant; EPISCOPAL MISSION SOCI-

ETY, Respondent. [647 NYS2d 772] —Order of disposition, Family Court, New York County (Ruth Zuckerman, J.), entered July 12, 1995, which terminated parental rights upon a finding of abandonment, and committed custody and guardianship of the subject child to the Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supports the finding of abandonment. Although the child tested positive for cocaine at birth, respondent was permitted to retain custody of him on condition that she enroll in a drug rehabilitation program and cooperate with supervision by the Child Welfare Administration (CWA). In February 1992, when the child was three months old, CWA received a report of suspected child abuse or neglect alleging that the child's parents had left him with a friend and not returned, whereupon, in April, the child was placed in foster care. Despite a diligent search, CWA was unable to locate respondent until after institution of this proceeding in October 1993, having learned that she had been incarcerated since September 1992. Respondent argues that her incarceration and lack of knowledge that the child had been placed in foster care or that legal proceedings had been instituted against her until August 1994, when she was served with the petition herein, negate any intent to abandon the child. We disagree. To rebut the presumption of abandonment arising by reason of her failure to contact the child or agency for the six-month period immediately preceding the filing of the petition, respondent had to show hardship so permeating her life as to make contact not feasible, or that she was discouraged from making contact by the agency (*Matter of Anthony M.*, 195 AD2d 315, 315-316). Incarceration, in and of itself, is not regarded as such a condition (*supra*, at 316). According to her own testimony, respondent did not seriously attempt to locate the child either prior to her incarceration in September 1992 or for many months after her release. She then wrote a letter to the friend with whom she left the child but received no reply, and later asked her 21 year old daughter to find the friend. Such sporadic efforts to find the child hardly demonstrate a sincere interest in retaining parental rights (*supra*). Even after learning in August 1994 that the child was in petitioner agency's care, she did not call or write the child or contact the agency (*see, Matter of Crawford*, 153 AD2d 108, 111). We would also note that respondent's claim that she saw the child as late as September 1992 is impossible because the child was removed from the friend's custody in April 1992. Termination of respondent's parental rights is in the child's

best interests. Merely stating that she has taken steps to better herself, without providing any documentation or details of her rehabilitation, where she intends to live or how she will be able to support the child, financially and emotionally, is not sufficient "to outweigh a child's right to a positive and nurturing family relationship, especially where, as here, the parent is essentially a stranger" (*supra*, at 111). Concur—Rosenberger, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.