■ In the Matter of LATIF HH. and Another, Children Alleged to be Abandoned. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES HH., Appellant. [669 NYS2d 755] —Yesawich Jr., J. Appeals (1) from an order of the Family Court of Albany County (Duggan, J.), entered December 6, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be abandoned, and terminated respondent's parental rights, and (2) from an order of said court, entered January 2, 1997, which denied respondent's motion to dismiss the petition.

Respondent is the father of two children, born in 1989 and 1990, who have been in petitioner's care since June 1992. In October 1995, petitioner commenced a proceeding against respondent and the children's mother seeking to terminate their parental rights and free the children for adoption. The proceedings were severed and the mother stipulated to a finding of permanent neglect, after which Family Court entered a suspended judgment.

A hearing was then held on the petition against respondent, in which it was alleged that he had abandoned the children (*see*, Social Services Law § 384-b [4] [b]; [5] [a]). After the hearing, Family Court found that petitioner had proven by clear and convincing evidence that respondent failed to have any substantial contact with the children for a period in excess of six months. An order was entered declaring the children abandoned, within the meaning of Social Services Law § 384-b, and terminating respondent's parental rights. In a separate decision and order, Family Court denied respondent's motion to dismiss the petition, finding, *inter alia*, that the children's best interests were served by terminating respondent's parental rights. Respondent appeals from both orders.

At the outset, we find that respondent's motion to dismiss the petition was properly denied. Although it is true, as we noted in *Matter of Victoria K.* (117 AD2d 968), that an abandonment proceeding should not be maintained against one parent alone when the relief sought will not serve the statutory

purpose of freeing a child for adoption, that rationale does not mandate dismissal where, as here, such a proceeding is commenced within the context of an over-all endeavor by the agency to achieve that goal by seeking the termination of both parents' rights. When a child has been in the care of an agency for an extended period of time and attempts to reunite the family have been unsuccessful, the agency should be afforded some flexibility with respect to the manner in which it pursues the salutary purpose of placing that child in a permanent, stable home.

In this instance, there has not only been a finding that the children were permanently neglected by their mother, but a petition has evidently been filed alleging that she violated the terms of the suspended judgment. Under these circumstances, the statutory aims are best served by allowing the instant petition to be resolved on the merits (*cf., Matter of Nahiem G.*, 241 AD2d 632, 633-634; *Matter of Christopher MM.*, 210 AD2d 767, *lv denied* 85 NY2d 807); insofar as *Matter of Victoria K. (supra)* categorically declares otherwise, we conclude that it is unduly restrictive and should not be followed.

Turning to respondent's challenge to Family Court's substantive determination, we find his contentions unpersuasive. Resolving the conflicting testimony in petitioner's favor, as Family Court was entitled to do (*see, Matter of Christopher MM., supra,* at 767), there is ample basis for its findings that respondent had only two or three brief, insubstantial contacts with his children during the relevant six-month period and that he made no attempt to arrange for more meaningful visitation through the agency. The mere fact that respondent was directed to seek visitation through petitioner, rather than initiate contact with the children directly, does not warrant concluding that he was "prevented or discouraged from" maintaining a relationship with them (Social Services Law § 384-b [5] [a]; *Matter of Tasha B.*, 240 AD2d 778, 779-780). Nor has respondent demonstrated that his failure to visit or communicate with the children was justified or unavoidable (*see, Matter of Alexander V.*, 179 AD2d 913, 915; *Matter of Jasmine T.*, 162 AD2d 756, 757, *lv denied* 76 NY2d 714). In sum, there is no basis for interfering with Family Court's determination.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.