■ In the Matter of CHARLES U., a Child Alleged to be Abandoned. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SALVATORE V., Appellant. [678 NYS2d 824] —Cardona, P. J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered October 29, 1997, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Charles U. an abandoned child, and terminated respondent's parental rights.

Respondent is the father of Charles U. (hereinafter the child), born in 1994. The child's mother, who was 15 years old at the time of his birth, voluntarily surrendered her parental rights on May 17, 1996. On November 22, 1996, petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate respondent's parental rights. Following a hearing, Family Court found by clear and convincing evidence that respondent abandoned the child and granted the petition. Respondent appeals.

We affirm. In order to warrant a finding of abandonment, there must exist "clear and convincing evidence that the [parent has] failed to have contact with the [child] or the agency during the six-month period immediately prior to the date of filing the petition" (*Matter of Richard X.*, 226 AD2d 762, 764, *lv denied* 88 NY2d 808; *see*, Social Services Law § 384-b [4] [b]; *Matter of Jasmine T.*, 162 AD2d 756, *lv denied* 76 NY2d 714).

"Abandonment occurs when a 'parent evinces an intent to forego [his or] her parental rights as manifested by a failure to visit the child and communicate with the child or agency although able to do so, if not prevented or discouraged from doing so by the agency'" (*Matter of Candice K.*, 245 AD2d 821, 822, quoting *Matter of Michelle S.*, 234 AD2d 800, 801; *see*, Social Services Law § 384-b [5] [a]). The burden is upon the parent to demonstrate that he or she maintained sufficient contacts with the child (*see*, *Matter of Candice K.*, *supra*, at 822). Absent evidence to the contrary, the ability to visit and communicate with the child is presumed (*see*, Social Services Law § 384-b [5] [a]; *Matter of Tasha B.*, 240 AD2d 778, 779).

In the instant proceeding, the child was placed into foster care in January 1996 as a result of the mother's communication to respondent that she could no longer care for him. Respondent notified the police and asked them to check on the child. At that time, the proof indicates that he would not take responsibility for the child since it had not been proven that he was the father. Within a few days, a caseworker from petitioner sent respondent a letter to schedule a meeting to discuss respondent's rights and responsibilities regarding the child. The caseworker testified that she advised respondent at a meeting on January 31, 1996 that, in order to obtain custody of the child, he would need to establish paternity, undergo a drug and alcohol evaluation, participate in a home study and pay child support. While respondent attempted to file a paternity petition shortly thereafter, which was rejected for failure to include the mother's address, respondent did not actually file a petition until March 1997, nearly six months after the filing of the petition for abandonment. Respondent admitted that he did not attempt to communicate with the child directly or through petitioner during the six months prior to the filing of the petition for abandonment. He further admitted that he did not attempt to correspond with the child or send gifts, cards or support payments during this time period.

In our view, this evidence supports Family Court's finding of abandonment. Although respondent testified that he sent two letters to the caseworker regarding the procedure for obtaining custody of the child which went unanswered, the caseworker testified that the letters requested the very same information provided at the meeting. In any event, the letters dated in April 1996, as well as respondent's claimed unsuccessful attempt to file a paternity petition shortly after meeting with the caseworker, constitute nothing more than sporadic and isolated efforts at maintaining contact with the child which do not

preclude a finding of abandonment (*see, Matter of Gina RR.*, 197 AD2d 757, 759). We further note that petitioner had no obligation to exercise diligent efforts to encourage respondent to have a meaningful relationship with his child (*see, Matter of Christopher MM.*, 210 AD2d 767, 768, *lv denied* 85 NY2d 807) and find no merit to respondent's claim that petitioner discouraged him from communicating with the child (*see, Matter of Latif HH.*, 248 AD2d 831, 832).

Finally, although respondent was incarcerated during the six months preceding the filing of the abandonment petition, he has offered no evidence that he was prohibited from communicating with the child during this time period (*see, Matter of Ariel C.*, 248 AD2d 976, 977, *lv denied* 92 NY2d 801; *Matter of Regina WW.*, 182 AD2d 920). We have considered respondent's remaining contentions and find them to be unavailing. Therefore, we decline to disturb Family Court's order.

Mikoll, Crew III, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.