■ In the Matter of SHANNON QQ., Alleged to be an Abandoned Child. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WAYMAN QQ., Appellant. [690 NYS2d 788] —Crew III, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered February 11, 1998, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Shannon QQ. an abandoned child.

Respondent is the biological father of Shannon QQ. (born in 1987), who has been in foster care since June 1993. In January 1997, Shannon's mother voluntarily surrendered her parental rights and, in May 1997, petitioner commenced this proceeding seeking to terminate respondent's parental rights upon the ground that respondent had abandoned his daughter. At the conclusion of the fact-finding hearing that followed, Family Court found that respondent, who at the time was incarcerated, indeed had abandoned his daughter by failing to communicate or visit with Shannon during the statutory period. A dispositional hearing ensued and, by order entered February 11, 1998, Family Court suspended judgment in accordance

with Family Court Act § 633, prompting this appeal by respondent.

Respondent, as so limited by his brief, contends that he indeed attempted to contact Shannon during the six months preceding the filing of the underlying petition (*see, e.g.*, *Matter of Samantha V.*, 200 AD2d 796, 797; *see also*, Social Services Law § 384-b [5] [a]) and, hence, Family Court erred in concluding that he had abandoned his child. We cannot agree. Even crediting respondent's testimony regarding his repeated attempts to locate Shannon through friends and relatives, the fact remains that although respondent was advised in September 1996 that Shannon had been placed in foster care, he made no attempt to contact petitioner to ascertain Shannon's whereabouts (*see*, *Matter of Antwan Malik F.*, 232 AD2d 216, 217; *compare*, *Matter of Baby Girl I.*, 210 AD2d 601, 602). Additionally, while it is true that respondent was incarcerated during the relevant time period, incarceration alone does not excuse respondent's failure to contact his child (*see*, *Matter of Antwan Malik F., supra*, at 217), and the record as a whole fails to demonstrate that whatever hardship such incarceration posed so permeated respondent's life as to make contact with his child unfeasible (*see generally*, *Matter of Tasha B.*, 240 AD2d 778, 779). Accordingly, Family Court's order is affirmed.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.