■ In the Matter of ARIANNA SS., Alleged to be an Abandoned Child. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; IRA TT., Appellant. [711 NYS2d 622] —Peters, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered July 9, 1999, which, inter alia, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Arianna SS. an abandoned child, and terminated respondent's parental rights.

Respondent is the putative father of Arianna SS. (born in 1998), who has been in petitioner's continuous custody and care since her release from the hospital when she was two days old; the child's mother, Nicole O'Brien, signed a voluntary consent to removal pursuant to Family Court Act § 1021. In March 1999, petitioner commenced this proceeding, pursuant to Social Services Law § 384-b, seeking to terminate respondent's parental rights on the ground of abandonment. By that

time, O'Brien had surrendered her parental rights by the execution of a voluntary judicial surrender. Following a fact-finding hearing, Family Court determined that respondent, who was incarcerated at the time, had abandoned the child by failing to communicate with her or petitioner during the statutory period. Respondent appeals.

We affirm. A finding of abandonment will be warranted when it is established, by clear and convincing evidence, that during the six-month period immediately prior to the date of the filing of the petition, respondent failed to visit or communicate with the child or petitioner although able to do so, if not prevented or discouraged from doing so by petitioner (*see, Matter of Omar RR.*, 270 AD2d 588, 589-590; *Matter of Shannon QQ.*, 262 AD2d 679, 680; *see also,* Social Services Law § 384-b [5] [a]).

Testimony adduced at the hearing revealed that at no time did respondent visit or communicate with the child although being advised by O'Brien in early June 1998 that she was pregnant with his child and by phone call in September 1998 that she was in the hospital preparing to give birth. A caseworker for petitioner testified that throughout the relevant period he never received any phone calls or letters from respondent; Arianna's foster parents' testimony confirmed the same lack of contact.

With the burden upon respondent to now demonstrate that he maintained sufficient contact with the child so as to preclude a finding of abandonment (*see, Matter of Charles U.*, 254 AD2d 588, 589), we find that respondent's single inquiry, through counsel, to the hospital to determine whether the child had actually been born to be wholly insufficient (*see, id.,* at 589). His contention that his incarceration during the relevant time period excused his failure to make contact is rejected; the record reveals that such incarceration did not "so permeate[ ] [his] life as to make contact with his child unfeasible" (*Matter of Shannon QQ.*, 262 AD2d 679, 680, *supra*). Admittedly, incarceration did not prevent him from making collect telephone calls, writing letters or filing petitions in Family Court (*see, id.*; *Matter of Heather QQ.*, 234 AD2d 857; *Matter of Regina WW.*, 182 AD2d 920; *Matter of Jasmine T.*, 162 AD2d 756, *lv denied* 76 NY2d 714). With the ability of respondent to visit and communicate with the child presumed (*see, Matter of Charles U., supra*), and with no obligation befalling petitioner to demonstrate that it exercised diligent efforts to encourage a meaningful relationship between the child and respondent (*see,* Social Services Law § 384-b [5] [b]), we find the requisite clear and convincing evidence to support the determination rendered.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.