■ In the Matter of PASQUALE U., a Child Alleged to be Abandoned. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATRICK U., Appellant. [720 NYS2d 581] —Spain, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered October 14, 1999, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Pasquale U. an abandoned child, and terminated respondent's parental rights.

Respondent's son has continuously been in petitioner's custody since May 6, 1998—just four days following his birth. Petitioner commenced this proceeding on January 22, 1999 to terminate respondent's parental rights based on abandonment, as manifested by respondent's failure to visit or communicate with the child or petitioner for a period of six months prior to the date of the filing of the petition (*see, Matter of Matthew YY.,* 274 AD2d 685, 688). Specifically, the petition alleged that respondent, who was incarcerated during the six-month period in question, had no contact with his child since May 15, 1998 and no contact with petitioner or the child's foster home since May 18, 1998. After fact-finding and dispositional hearings, Family Court held that respondent abandoned his son and

terminated respondent's parental rights and committed custody and guardianship to petitioner. Respondent appeals.

"In order to terminate parental rights on the ground of abandonment, there must be clear and convincing evidence that, for a period of six months prior to the filing of the abandonment petition, the parent failed to visit or communicate with the child[ ] and was not prevented or discouraged from doing so by the authorized agency [citations omitted]" (*id.*, at 688). " 'The burden is upon the parent to demonstrate that he or she maintained sufficient contacts with the child' " (*id.*, at 688, quoting *Matter of Charles U.*, 254 AD2d 588, 589). At the fact-finding hearing, the intake caseworker initially responsible for respondent and his family testified that, although he met with respondent and provided him with his address and phone number when he notified him that petitioner had assumed custody of the child, he received no further communication from respondent. Likewise, the foster care caseworker for the child and the child's foster family testified that she never had any contact with respondent. The two foster parents with whom the child lived after his removal also testified at the hearing and stated that respondent never attempted any contact with them or his child.

Respondent apparently wrote a letter to Family Court in August 1998 inquiring into the status and whereabouts of his son and he made a request for visitation during a Family Court hearing on September 9, 1998. He also alleged, in contradiction to the testimony of petitioner's witnesses, that he wrote to petitioner once in July 1998. These isolated incidents of attempted contact—even if credited—do not preclude a finding of abandonment (*see, Matter of Charles U., supra*, at 589-590), especially in light of the fact that respondent made little, if any, attempt to contact petitioner or his child directly as required by the statute (*see,* Social Services Law § 384-b [5]). In our view, respondent neglected to maintain sufficient contact during the relevant period of time (*see, Matter of Nahja I.*, 279 AD2d 666, 667). Inasmuch as respondent's incarceration does not excuse his failure to maintain contact with his son (*see, Matter of Matthew YY., supra*, at 688), and considering the ample evidence presented by petitioner that respondent did not contact his son for more than six months, we conclude that Family Court's determination—which is entitled to great deference—is supported by clear and convincing evidence (*see, id.; Matter of Nahiem G.*, 241 AD2d 632, 633-634).

We also reject respondent's contention that Family Court's determination must be overturned because petitioner failed to

make sufficient efforts to reunite him with the child. In abandonment proceedings, the authorized agency is under "no obligation to exercise diligent efforts to encourage respondent to have a meaningful relationship with his child" (*Matter of Charles U., supra,* at 590; *see also,* Social Services Law § 384-b [5] [b]). Nor has respondent demonstrated that petitioner prevented or discouraged him from communicating with his child. To the contrary, the record demonstrates that petitioner made reasonable efforts to locate respondent following his incarceration.

Cardona, P. J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.