■ In the Matter of ALKREEN J. et al., Children Alleged to be Abandoned. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN K., Appellant. [733 NYS2d 306] —Peters, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered September 18, 2000, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be abandoned, and terminated respondent's parental rights.

Petitioner seeks to terminate respondent's parental rights with respect to his two children, Alkreen J. (born in 1996) and Jesinia J. (born in 1997), on the ground of abandonment. These children have been in petitioner's custody since June 1998 and were found to have been neglected by their mother pursuant to an order dated August 26, 1998. Respondent has been incarcerated since the children's placement, including the six months prior to and during the pendency of this proceeding. At the conclusion of a fact-finding hearing, Family Court determined, *inter alia,* that respondent had abandoned the children and, after a dispositional hearing, terminated his parental rights. This appeal ensued.

We affirm. With the burden placed upon petitioner to prove an abandonment by clear and convincing evidence (*see,* Social Services Law § 384-b [3] [g]; *Santosky v Kramer,* 455 US 745, 769), it must demonstrate that respondent intended to forego his parental rights as manifested by a failure, during the six-month period immediately prior to the filing of the petition, "to visit or communicate with the child[ren] or petitioner although able to do so * * * [when] not prevented or discouraged from doing so by petitioner" (*Matter of Arianna SS.,* 275 AD2d 498, 499; *see,* Social Services Law § 384-b [5] [a]; *Matter of Candice K.,* 245 AD2d 821, 821-822; *Matter of Michelle S.,* 234 AD2d 800, 801). Through the testimony of Alyssa Robinson, petitioner's employee, it was established that respondent had made no effort, by either phone or letter, to contact petitioner during the relevant period for the purpose of establishing visitation or communication with the children; testimony of the children's sole foster mother confirmed this lack of contact.

Respondent's ability to visit and communicate with these children is presumed (*see,* Social Services Law § 384-b [5] [a]); incarceration during the relevant period will not excuse his failure (*see, Matter of Arianna SS., supra,* at 499; *see also, Matter of Matthew YY.,* 274 AD2d 685, 688; *Matter of Shannon QQ.,* 262 AD2d 679, 680; *Matter of Charles U.,* 254 AD2d 588, 590; *Matter of Regina WW.,* 182 AD2d 920, 920). In an effort to preclude a finding of abandonment, respondent testified that he sent the children cards and letters on numerous occasions. Cross-examination revealed, however, that such cards and letters were addressed to the children's biological mother despite respondent's awareness that they had been placed with petitioner. Failing to offer any credible evidence that his incarceration prohibited him from communicating with these children during the relevant period or that petitioner prevented or discouraged him from maintaining such contact, there exists

the requisite clear and convincing evidence to support the determination rendered (*see, Matter of Arianna SS., supra; Matter of Matthew YY., supra; Matter of Shannon QQ., supra; Matter of Charles U., supra; Matter of Regina WW., supra*).

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.