■ In the Matter of CHEYENNE S., a Child Alleged to be Abandoned. CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THOMAS S., Appellant. (And Another Related Proceeding.) [798 NYS2d 269]—

Rose, J. Appeals from two orders of the Family Court of Chenango County (Sullivan, J.), entered November 5, 2004, which, inter alia, granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be abandoned, and terminated respondent's parental rights.

Respondent Thomas S. is the biological father of Cheyenne S. (born in 1999) and Justice F. (born in 2000), who were removed from the custody of their biological mother and maternal grandmother and placed in petitioner's care in 2003 following allegations of drug use and domestic violence in their household. Respondent, who was then incarcerated, was aware of this situation, having heard about it from his mother and having received a copy of the neglect petition from petitioner. He was then visited by petitioner's foster care caseworker, informed of the children's placement with petitioner and advised that he could communicate with the agency if he wished to be kept informed about the children. When respondent made no contact with petitioner or his children for approximately seven months after that meeting, petitioner sought termination of respondent's parental rights on the ground that his lack of contact constituted abandonment. Following a fact-finding hearing, Family Court granted the relief sought by petitioner, orders of disposition were entered and respondent now appeals.

An agency seeking to terminate parental rights on the ground of abandonment must establish by clear and convincing evidence that the parent, although able to do so, has failed to visit or communicate with the children or the agency for a period of six months prior to the filing of the petition, and he or she was not discouraged or prevented from doing so by the agency (*see* Social Services Law § 384-b [5] [a]; *Matter of Kerrianne AA.*, 1

AD3d 835, 836 [2003], *lv denied* 1 NY3d 507 [2004]; *Matter of Gabrielle HH.*, 306 AD2d 571, 572 [2003], *affd* 1 NY3d 549, 550 [2003]). Here, the record clearly shows that, despite his incarceration, respondent was well aware of his children's placement with petitioner and knew how to contact their caseworker, yet he admittedly failed to even attempt to do so during the relevant six-month period. Further, respondent's alleged efforts to get his brother to apply for custody of the children did not constitute communication between him and either the children or petitioner. Nor does his incarceration excuse his failure to communicate (*see Matter of Alkreen J.*, 288 AD2d 785, 786 [2001]; *Matter of Pasquale U.*, 279 AD2d 906, 907-908 [2001]), particularly given his admission that he could have made contact despite this obstacle. Thus, Family Court's finding that, during the relevant time period, respondent had no contact with the children or petitioner is supported by clear and convincing evidence.

Next, inasmuch as the relevant time period was prior to the filing of the petition, Family Court's efforts to encourage respondent's contact with the children during the pendency of these proceedings is irrelevant (*see Matter of Annette B.*, 4 NY3d 509 [2005]). Moreover, in a proceeding to terminate parental rights based on abandonment, petitioner is not required to establish that it undertook steps necessary to enable reunification of the parent with the children (*see* Social Services Law § 384-b [5] [b]; *Matter of Gabrielle HH.*, 1 NY3d 549, 550 [2003]; *Matter of Pasquale U., supra* at 907-908). In the absence of any evidence that petitioner prevented or discouraged communication, we will not disturb Family Court's finding of abandonment.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.