■ In the Matter of AMANDA JJ., a Child Alleged to be Abandoned. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KENNETH JJ., Appellant, et al., Respondent. [861 NYS2d 185]—

Rose, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered August 15, 2007, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Amanda JJ. to be an abandoned child, and suspended judgment for a period of one year.

Amanda JJ. (born in 1990) first came into petitioner's care in November 2002. In June 2006, the child absconded from the group home where she had been placed, resulting in her adjudication as a person in need of supervision and the issuance of a warrant. In February 2007, petitioner commenced this proceeding for termination of respondents' parental rights based upon allegations of abandonment pursuant to Social Services Law § 384-b (4) (b) and (5) (a). Despite some indication that she had been in contact with both parents, who apparently live apart, the child remained missing from petitioner's custody throughout the course of this proceeding. Following a fact-finding hearing, Family Court concluded that the parents had abandoned the child based upon their lack of contact with petitioner during the time the child was missing, and the court then issued a dispositional order conditionally suspending judgment terminating the parental rights of both parents for a period of one year. Respondent Kenneth JJ. (hereinafter the father) now appeals, arguing that petitioner did not prove that he had abandoned his daughter.

A finding of abandonment is only "warranted when it is established, by clear and convincing evidence, that during the six-month period immediately prior to the date of the filing of the petition, [the] respondent failed to visit or communicate with the child or petitioner although able to do so, if not prevented or discouraged from doing so by petitioner" (*Matter of Arianna SS.*, 275 AD2d 498, 499 [2000]; see Social Services Law § 384-b [5] [a]; *Matter of Michelle S.*, 234 AD2d 800, 801 [1996]). Here, it is uncontroverted that the father regularly visited the child and maintained contact with petitioner until the child absconded and became missing from petitioner's custody, the father's attempts to visit or inquire about her through petitioner after that point would have been futile and he continued to attend monthly warrant review meetings with petitioner where he obtained updates on petitioner's efforts to

find the child. In addition, there is no proof that he failed to have direct communications with the child after she absconded. As a result, this evidence was insufficient both because petitioner failed to show that contact with it would have done anything to promote or preserve the father's relationship with the child and because the record does not evince an intent on his part to forgo his parental rights. Thus, Family Court's finding of abandonment as to the father is not supported by clear and convincing evidence and its order must be reversed with respect to him. In view of this determination, we need not consider the father's further arguments.

Mercure, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found that respondent Kenneth JJ. abandoned his child; petition dismissed against said respondent; and, as so modified, affirmed.