Carpinello, J.
Appeal from an order of the Family Court of Broome County (Charnestsky, J.), entered January 4, 2008, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Nevaha J. an abandoned child.
Respondent’s daughter was born in January 2005 and placed in foster care in May 2005. With one brief exception, respondent has been incarcerated since her placement. This abandonment proceeding was commenced in April 2007 and, following a fact-finding hearing, Family Court determined that abandonment was established. On appeal, respondent argues that he maintained sufficient contacts with his daughter during the six-month period preceding the filing of the petition and, therefore, Family Court erred in its determination.
We are satisfied that petitioner established by the requisite clear and convincing evidence that respondent abandoned his child (see Social Services Law § 384-b [4] [b]; [5] [a]). According to the testimony of petitioner’s caseworker, during the six-month period preceding the filing of the abandonment petition, respondent did not pay child support, was aware that his daughter was in foster care and never once communicated with her or the foster parents even though he had been provided with relevant contact information.* The caseworker also testified that she never discouraged respondent from contacting the child and that neither she nor anyone else in the agency discouraged respondent from contacting petitioner itself. The child’s foster mother likewise testified that respondent had no contact whatsoever with her during the statutory period. This testimony was sufficient to demonstrate abandonment (see e.g. Matter of Isaiah F., 55 AD3d 1004, 1005 [2008]; Matter of Tiffany RR., 44 AD3d 1126, 1127 [2007], lv denied 9 NY3d 819 [2008]; Matter of Alkreen J., 288 AD2d 785, 786 [2001]; Matter of Pasquale U., 279 AD2d 906, 907 [2001]; Matter of Arianna SS., 275 AD2d 498, 499 [2000]).
*991 To be sure, respondent’s incarceration did not relieve him of the responsibility to communicate with petitioner or his daughter (see Matter of Cheyenne S., 20 AD3d 748, 749 [2005]; Matter of Alkreen J., 288 AD2d at 786; Matter of Pasquale U., 279 AD2d at 907; Matter of Nahja I., 279 AD2d 666, 667 [2001]; Matter of Arianna SS., 275 AD2d at 498). At the hearing, respondent claimed that he sent letters to the child during the relevant six-month period. He admitted, however, that all such letters were mailed to the child’s mother despite knowledge that the child was in foster care (see Matter ofAlkreen J., 288 AD2d at 786). To this end, he himself expressed doubts as to whether the mother actually received them. Respondent also testified that he attempted to communicate with the child’s mother about setting up visitation. Here again, respondent acknowledged that the mother did not have custody of the child. Respondent also candidly acknowledged that he had no contact whatsoever with petitioner’s caseworker or the foster parents during the six-month period preceding the filing of the petition. In our view, the alleged communications with the child’s mother did not demonstrate contact with the child or petitioner and thus did not preclude a finding of abandonment (see id.; Matter of Pasquale U., 279 AD2d at 907; Matter of Arianna SS., 275 AD2d at 498; Matter of Shannon QQ., 262 AD2d 679, 680 [1999]; Matter of Christopher MM., 210 AD2d 767 [1994], lv denied 85 NY2d 807 [1995]).
Cardona, P.J., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.

 While respondent denied receiving a letter from this caseworker advising him “who [she] was and how to contact [her],” this presented a credibility issue that Family Court resolved against respondent (see Matter ofNahja I., 279 AD2d 666, 667 [2001]; Matter of Gina RR., 197 AD2d 757, 758 [1993]).