Matter of Xavier XX. (Godfrey YY.) (2021 NY Slip Op 01295)





Matter of Xavier XX. (Godfrey YY.)


2021 NY Slip Op 01295


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

530079

[*1]In the Matter of Xavier XX., Alleged to be an Abandoned Child. Albany County Department for Children, Youth and Families, Respondent; Godfrey YY., Appellant.

Calendar Date: January 7, 2021

Before: Garry, P.J., Egan Jr., Clark and Reynolds Fitzgerald, JJ.


Monique B. McBride, Albany, for appellant.
Eugenia Condon, Acting County Attorney, Albany (Elise R. Friello of counsel), for respondent.
Elena Jaffe Tastensen, Saratoga Springs, attorney for the child.



Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Albany County (Rivera, J.), entered August 9, 2019, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned, and terminated respondent's parental rights.
Respondent is the father of the subject child (born in 2016). In September 2017, the child's mother consented to the temporary removal of the child from her custody pursuant to Family Ct Act article 10 (see Family Ct Act § 1021), and the child was placed in the care and custody of petitioner. Thereafter, petitioner commenced a neglect proceeding against the mother and, in February 2018, the child was adjudicated a neglected child and the mother was placed under an order of supervision for one year. At a permanency hearing in November 2018, custody of the child was continued with petitioner. The goal of the permanency plan resulting from the hearing was to return the child to the mother.
In February 2019, petitioner commenced this proceeding pursuant to Social Services Law § 384-b, seeking to adjudicate the child to be abandoned by respondent and to terminate his parental rights. After a hearing, Family Court determined that petitioner had established, by clear and convincing evidence, that respondent abandoned the child. As such, it exercised its discretion to dispense with a dispositional hearing, and thereafter terminated respondent's parental rights. Respondent appeals.
Respondent contends that the abandonment proceeding, seeking to terminate his parental rights, was improperly brought against him as the permanency plan in place at the time of the hearing with respect to the mother was to return the child to the mother. We agree. Although "respondent did not raise this argument before Family Court, and it is therefore unpreserved for our review" (Matter of Cherokee C. [Matthew C.], 173 AD3d 1573, 1574 [2019]), "this [C]ourt has inherent authority to exercise its discretion and correct fundamental errors" (Matter of Liska J. v Benjamin K., 174 AD3d 966, 968 [2019]; see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]). The statutory purpose of an abandonment proceeding is to free the child for adoption by terminating the parents' rights to the child. Because this proceeding sought to terminate the rights of one parent in the face of an existent permanency plan that sought to reunite the child with the other parent, it did not serve that purpose. In circumstances such as this, dismissal of the petition is mandated (see Matter of Joseph PP. [Kimberly QQ.], 178 AD3d 1344, 1345 [2019]; Matter of Timothy GG. [Meriah GG.], 163 AD3d 1065, 1067 [2018], lv denied 32 NY3d 908 [2018]; Matter of Julian P. [Melissa P.-Zachary L.], 106 AD3d 1383, 1384 [2013]; Matter of Latif HH., 248 AD2d 831, 831-832 [1998]).
Petitioner asserts that, according to Matter of Latif HH. (248 AD2d at 832), it may maintain an abandonment petition against one parent "within the context [*2]of an over-all endeavor by the agency" to terminate both parents' rights. However, Latif HH. is distinguishable. In that matter, the petitioner was seeking to terminate the father's rights while simultaneously proceeding against the mother for violation of a suspended judgment after finding her to have permanently neglected the children, thereby leading to a termination of her rights. As such, the end goals of the two proceedings were not contradictory. In the instant matter, the goal is reunification of the mother and the child, with the child having been released to the mother's custody, while petitioner is simultaneously seeking to terminate the rights of the other parent, respondent. The end goals of these two concurrent proceedings are contradictory and cannot be reconciled. Therefore, the petition should have been dismissed. The parties' remaining contentions have been rendered academic by this determination.
Garry, P.J., Egan Jr. and Clark, JJ., concur.
ORDERED that the order is reversed, on the facts, without costs, and petition dismissed.