Matter of Taj'ier W. (Joseph W.) (2022 NY Slip Op 06042)

Matter of Taj'ier W. (Joseph W.)

2022 NY Slip Op 06042

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

533504
[*1]In the Matter of Taj'ier W., Alleged to be an Abandoned Child. Chemung County Department of Social Services, Respondent; Joseph W., Appellant. (And Another Related Proceeding.)

Calendar Date:September 7, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ. 

The Sage Law Firm Group PLLC, Buffalo (Kathryn Friedman of counsel), for appellant.
M. Hyder Hussain, County Attorney, Elmira (Damian M. Sonsire of counsel), for respondent.
Pamela Doyle Gee, Big Flats, attorney for the child.

Clark, J.P.
Appeal from an order of the Family Court of Chemung County (Mary M. Tarantelli, J.), entered March 23, 2021, which, among other things, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned and terminated respondent's parental rights.
Respondent is the father of a child (born in 2018). The child, who sustained severe injuries when he was 27 days old as a result of shaken baby syndrome, has been in petitioner's custody since January 2019. In November 2020, more than a year after respondent consented to a finding of abuse without admission, petitioner commenced an abandonment proceeding alleging that respondent failed to have meaningful contact with the child or petitioner during the preceding six months and seeking to terminate respondent's parental rights. Following a virtual fact-finding hearing, Family Court, among other things,[FN1] adjudged the child to have been abandoned by respondent and committed guardianship and custody to petitioner.[FN2] Respondent appeals, arguing that petitioner failed to establish by clear and convincing evidence that he abandoned the child.
Family Court may terminate a respondent's parental rights upon a finding of abandonment if the petitioning agency proves by clear and convincing evidence that, during the six months preceding the petition's filing, the respondent "evince[d] an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" (Social Services Law § 384-b [5] [a]; see Social Services Law § 384-b [4] [b]; Matter of Mason H. [Joseph H.], 31 NY3d 1109, 1110 [2018]). If the petitioning agency satisfies its burden of proving that the respondent failed to maintain sufficient contact for the statutory period, the burden shifts to "the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the petitioning agency" (Matter of Jackie B. [Dennis B.], 75 AD3d 692, 693 [3d Dept 2010]; see Matter of Joseph D. [Joseph PP.], 193 AD3d 1290, 1292 [3d Dept 2021]). Where, as here, an order of protection prohibits a respondent from directly contacting his or her child, the respondent is nonetheless obligated to maintain contact with the petitioning agency (see Matter of Gabrielle HH., 1 NY3d 549, 550 [2003]; Matter of Tinisha J. [William J.], 135 AD3d 760, 762 [2d Dept 2016]; Matter of Miranda J. [Jeromy J.], 118 AD3d 1469, 1470 [4th Dept 2014]; Matter of Tiffany RR., 44 AD3d 1126, 1127-1128 [3d Dept 2007], lv denied 9 NY3d 819 [2008]).
The evidence established that, during the relevant six-month period from May 2020 through November 2020, respondent had no contact with petitioner outside of court appearances, no contact with the child's foster parents and only one phone conversation with a family specialist[*2]/counselor at Pathways Incorporated, who testified that respondent did not inquire about the child during that conversation. Petitioner's caseworker testified that respondent did leave one voicemail for her in September 2020, during which he inquired about the child, but stated that her same-day attempts to call him back were unsuccessful and that she was never able to connect with respondent thereafter. The evidence further demonstrated that respondent did not request photographs or seek updates about the child's extensive medical issues or send the foster parents any cards or gifts for the child. In short, respondent's sporadic and insubstantial contacts were insufficient to preclude a finding of abandonment and the burden, therefore, shifted to respondent to demonstrate that he was unable to maintain contact or, if able, was prevented or discouraged from doing so by petitioner (see Matter of Colby II. [Chalmers JJ.], 140 AD3d 1484, 1485 [3d Dept 2016]; Matter of Carter A. [Jason A.], 111 AD3d 1181, 1183 [3d Dept 2013], lv denied 22 NY3d 862 [2014]).
Respondent did not contest his failure to maintain contact during the relevant six-month period. Rather, he blamed his lack of contact on having been advised by his attorney to not incriminate himself during the pendency of a related criminal action against him, as well as an order of protection prohibiting contact with the child. However, these circumstances neither precluded nor relieved respondent from fulfilling his obligation to maintain contact with petitioner regarding the child (see Matter of Gabrielle HH., 1 NY3d at 550; Matter of Tiffany RR., 44 AD3d at 1128). Respondent did not present any evidence establishing that petitioner's caseworkers discouraged him from maintaining contact. Accordingly, as there was clear and convincing evidence that respondent failed to maintain sufficient contact with petitioner for the relevant six-month period, there is no basis upon which to disturb Family Court's finding of abandonment (see Matter of Hayden II. [Renee II.—Devan JJ.], 135 AD3d 997, 999 [3d Dept 2016], lv denied 27 NY3d 904 [2016]; Matter of Jamaica M. [Hakeem N.], 90 AD3d 1105, 1106 [3d Dept 2011], lv denied 18 NY3d 806 [2012]).
Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Petitioner had also commenced a permanent neglect proceeding against respondent; however, in the order from which respondent appeals, Family Court dismissed the underlying permanent neglect petition without prejudice.

Footnote 2: The child's mother judicially surrendered her parental rights in September 2020.