# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**618**
**CAF 15-00529**
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF AZALEAYANNA S.G.-B.
AND RAJAHALEE D.G.-B.
-----------------------------------------------
HERKIMER COUNTY DEPARTMENT OF SOCIAL SERVICES,    MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

QUANEESHA S.G., RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

JOHN J. RASPANTE, UTICA, FOR RESPONDENT-APPELLANT.

JACQUELYN M. ASNOE, HERKIMER, FOR PETITIONER-RESPONDENT.

---

Appeal from an amended judgment of the Family Court, Herkimer County (John J. Brennan, J.), entered March 18, 2015 in a proceeding pursuant to Social Services Law § 384-b. The amended judgment, among other things, adjudged that the subject children are abandoned children and transferred respondent's guardianship and custody rights to petitioner.

It is hereby ORDERED that the amended judgment so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an amended judgment terminating her parental rights with respect to the subject children on the ground of abandonment, contending that she had sufficient significant, meaningful communications with petitioner to demonstrate that she did not abandon the subject children. We reject that contention. A child is deemed abandoned where, for the period six months immediately prior to the filing of the petition for abandonment (*see* Social Services Law § 384-b [4] [b]), a parent "evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or [petitioner], although able to do so and not prevented or discouraged from doing so by [petitioner]" (§ 384-b [5] [a]; *see Matter of Angela N.S. [Joshua S.]*, 100 AD3d 1381, 1381-1382). The mother concedes that she had no contact with the subject children during the relevant six-month period despite opportunities for visitation and, contrary to the mother's contention, her "minimal, sporadic [and] insubstantial contacts" with petitioner during that six-month period are insufficient to preclude a finding of abandonment (*Matter of Nahiem G.*, 241 AD2d 632, 633; *see Matter of*

*Lamar LL. [Loreal MM.]*, 86 AD3d 680, 681, *lv denied* 17 NY3d 712).