Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered February 8, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that respondent had abandoned the subject child.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, adjudged that she abandoned the subject child. We reject the mother’s contention that petitioner failed to establish abandonment. “A child is deemed abandoned where, for the period six months immediately prior to the filing of the petition for abandonment . . . , a parent ‘evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or [petitioner], although able to do so and not prevented or discouraged from doing so by [petitioner]’ ” (Matter of Azaleayanna S.G.-B. [Quaneesha S.G.], 141 AD3d 1105, 1105 [2016], quoting § 384-b [5] [a]; see § 384-b [4] [b]). Petitioner bears the burden of establishing abandonment “by clear and convincing evidence” (Matter of John F. [John F., Jr.], 149 AD3d 1581, 1582 [2017]; see Matter of Annette B., 4 NY3d 509, 514 [2005], rearg denied 5 NY3d 783 [2005]).
 

 Here, the mother admitted in her testimony at the hearing that she had moved to Florida voluntarily after the child was placed in foster care based upon a finding of neglect, that she thereafter had only a single visit with the child, which occurred after the petition herein was filed, and that her only contacts with the child, the caseworker, or the child’s foster parent during the six-month period prior to the filing of the petition were several telephone calls and one birthday gift. We conclude that those are merely “sporadic and insubstantial contacts” (Matter of Dustin JJ. [Clyde KK.], 114 AD3d 1050, 1051 [2014], lv denied 23 NY3d 901 [2014]), and it is well settled that “an abandonment petition is not defeated by a showing of sporadic and insubstantial contacts where [, as here,] clear and convincing evidence otherwise supports granting the petition” (Matter of Candice K., 245 AD2d 821, 822 [1997]; see Matter of Jamal B. [Johnny B.], 95 AD3d 1614, 1615-1616 [2012], lv denied 19 NY3d 812 [2012]).
 

 Present-Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.