Matter of Armani W. (Adifah W.) (2018 NY Slip Op 08856)





Matter of Armani W. (Adifah W.)


2018 NY Slip Op 08856


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1363 CAF 17-01462

[*1]IN THE MATTER OF ARMANI W. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ADIFAH W., RESPONDENT-APPELLANT.






EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-APPELLANT. 
ELISABETH M. COLUCCI, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RICHARD L. SULLIVAN OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered July 7, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, determined that the subject child had been abandoned by respondent and placed the subject child in the custody and guardianship of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of abandonment, respondent mother contends that she had sufficient significant, meaningful contact with the child and petitioner to preclude a finding of abandonment. We reject that contention. "A child is deemed abandoned where, for the period six months immediately prior to the filing of the petition for abandonment (see Social Services Law § 384-b [4] [b]), a parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or [petitioner], although able to do so and not prevented or discouraged from doing so by [petitioner]' " (Matter of Azaleayanna S.G.-B. [Quaneesha S.G.], 141 AD3d 1105, 1105 [4th Dept 2016], quoting § 384-b [5] [a]). Here, despite being afforded the opportunity to visit with the child twice each week, the mother merely delivered items for the child on one occasion at the beginning of the six-month period when the child was not present, visited the child on just two occasions in close succession several months later but failed to visit the child thereafter, and contacted petitioner once by telephone to cancel a visit. We conclude that "those are merely sporadic and insubstantial contacts' . . . , and it is well settled that an abandonment petition is not defeated by a showing of sporadic and insubstantial contacts where[, as here,] clear and convincing evidence otherwise supports granting the petition' " (Matter of Kaylee Z. [Rhiannon Z.], 154 AD3d 1341, 1342 [4th Dept 2017], lv denied 30 NY3d 911 [2018]; see Matter of Jamal B. [Johnny B.], 95 AD3d 1614, 1615-1616 [3d Dept 2012], lv denied 19 NY3d 812 [2012]; Matter of Maddison B. [Kelly L.], 74 AD3d 1856, 1856-1857 [4th Dept 2010]). We further conclude that the mother failed to demonstrate that " there were circumstances rendering contact with the child or [petitioner] infeasible, or that [she] was discouraged from doing so by [petitioner]' " (Matter of Madelynn T. [Rebecca M.], 148 AD3d 1784, 1785 [4th Dept 2017]; see Matter of Drevonne G. [Darrell G.], 96 AD3d 1348, 1349 [4th Dept 2012]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court