Matter of Dennym K.J. (Ronnie O.) (2023 NY Slip Op 02216)

Matter of Dennym K.J. (Ronnie O.)

2023 NY Slip Op 02216

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CURRAN, BANNISTER, AND MONTOUR, JJ.

246 CAF 22-00553

[*1]IN THE MATTER OF DENNYM K.J. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; RONNIE O., RESPONDENT-APPELLANT.

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR RESPONDENT-APPELLANT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (MARY M. WHITESIDE OF COUNSEL), FOR PETITIONER-RESPONDENT.
MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Fatimat O. Reid, J.), entered March 22, 2022 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred respondent's guardianship and custody rights with respect to the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order, following a fact-finding hearing, that, inter alia, terminated his parental rights with respect to the subject child on the ground of abandonment. We affirm.
The father contends that petitioner failed to prove by clear and convincing evidence that he abandoned the subject child. We reject that contention. A child is deemed abandoned where, for the period of six months immediately prior to the filing of the petition for abandonment (see Social Services Law § 384—b [4] [b]), a parent "evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency [having legal custody of the child], although able to do so and not prevented or discouraged from doing so by the agency" (§ 384—b [5] [a]). Here, the father had "almost no contact" with the subject child during the six-month period preceding the filing of the petition and thus "evince[d] an intent to forego his . . . parental rights" (Matter of Maddison B. [Kelly L.], 74 AD3d 1856, 1856 [4th Dept 2010] [internal quotation marks omitted]). Although the father was present on video during one video call between the child's mother and the child, and he attended one planning meeting, we conclude that those were " 'minimal, sporadic [and] insubstantial contacts,' " which are insufficient to preclude a finding of abandonment (Matter of Azaleayanna S.G.-B. [Quaneesha S.G.], 141 AD3d 1105, 1105 [4th Dept 2016]; see Matter of Jamal B. [Johnny B.], 95 AD3d 1614, 1615-1616 [3d Dept 2012], lv denied 19 NY3d 812 [2012]; Maddison B., 74 AD3d at 1856-1857). We further conclude that, contrary to the father's contention, petitioner did not prevent or discourage him from having contact with the child. Although petitioner required that the father establish paternity before it allowed him to visit the child, the father did not take the necessary actions in time to obtain an order of filiation before the abandonment petition was filed (see Matter of Beverly EE. [Ryan FF.], 88 AD3d 1086, 1087 [3d Dept 2011]; Matter of Male M., 210 AD2d 136, 136 [1st Dept 1994]).
As the father correctly concedes, his further contention that Family Court abused its discretion in failing to hold a dispositional hearing is not preserved for our review (see Matter of [*2]Messiah C.T. [Eusebio C.T.], 180 AD3d 544, 545 [1st Dept 2020]; Matter of Jason B. [Gerald B.], 155 AD3d 1575, 1576 [4th Dept 2017], lv denied 31 NY3d 901 [2018]), and, in any event, we conclude that the contention lacks merit (see Matter of Keith B. [Sharrone S.], 180 AD3d 670, 671 [2d Dept 2020]; Matter of Howard R., 258 AD2d 893, 894 [4th Dept 1999]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court