Matter of Arielle L. (Cassandra B.) (2025 NY Slip Op 02705)

Matter of Arielle L. (Cassandra B.)

2025 NY Slip Op 02705

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, DELCONTE, AND KEANE, JJ.

394 CAF 24-00915

[*1]IN THE MATTER OF ARIELLE L., ALSO KNOWN AS ARIEL L. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CASSANDRA B., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
JAMES M. CHERNETSKY, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (HANNAH WEBSTER OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Shannon E. Filbert, J.), dated May 14, 2024, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals in appeal Nos. 1 through 3 from orders that, inter alia, terminated her parental rights with respect to the subject children on the ground of abandonment. We affirm in each appeal.
The mother contends that petitioner failed to prove by clear and convincing evidence that she abandoned the subject children. We reject that contention. An order terminating parental rights may be granted where the parent has abandoned the child "for the period of six months immediately prior to the date on which the petition [for termination of parental rights] is filed" (Social Services Law § 384-b [4] [b]). A child is abandoned by their parent if that parent "evinces an intent to forego [their] parental rights and obligations as manifested by [their] failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" (§ 384-b [5] [a]). "In the absence of evidence to the contrary, such ability to visit and communicate shall be presumed" (id.) and it is the parent's burden "to establish that circumstances existed that prevented [the parent's] contact with the child or agency or that the agency discouraged such contact" (Matter of Najuan W. [Stephon W.], 184 AD3d 1111, 1112 [4th Dept 2020]; see Matter of Madelynn T. [Rebecca M.], 148 AD3d 1784, 1785 [4th Dept 2017]).
Here, the mother does not dispute that she failed to maintain contact with the children for the statutory period; rather, she asserts that she maintained sufficient contact with petitioner to refute the claim of abandonment. Although the record supports the assertion that the mother maintained some contact with petitioner, we conclude that the contact was "minimal, sporadic [and] insubstantial" and thus was insufficient to preclude a finding of abandonment (Matter of Dennym K.J. [Ronnie O.], 215 AD3d 1254, 1255 [4th Dept 2023] [internal quotation marks omitted]; see Matter of Azaleayanna S.G.-B. [Quaneesha S.G.], 141 AD3d 1105, 1105 [4th Dept 2016]). The mother failed to demonstrate that there were circumstances rendering contact with the children or petitioner infeasible or that petitioner prevented or discouraged her from maintaining contact (see Matter of Armani W. [Adifah W.], 167 AD3d 1569, 1570 [4th Dept 2018]; see generally Matter of Annette B., 4 NY3d 509, 514 [2005], rearg denied 5 NY3d 783 [*2][2005]).
Contrary to the mother's further contention, we conclude that the evidence supports Family Court's determination that termination of the mother's parental rights is in the best interests of the children (see Matter of Alex C., Jr. [Alex C., Sr.], 114 AD3d 1149, 1150 [4th Dept 2014], lv denied 23 NY3d 901 [2014]; see generally Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). Among other things, the steps taken by the mother to address the issues that led to the removal of the children were "not sufficient to warrant any further prolongation of [their] unsettled familial status" (Matter of Alexander M. [Michael A.M.], 106 AD3d 1524, 1525 [4th Dept 2013] [internal quotation marks omitted]; see Matter of Zackery S. [Christa P.], 224 AD3d 1336, 1337 [4th Dept 2024], lv denied 41 NY3d 909 [2024]; see generally Matter of Philip D., 266 AD2d 909, 909 [4th Dept 1999]). We also reject the mother's contention that a suspended judgment was warranted; "[a] suspended judgment is not a permissible disposition in a proceeding pursuant to Social Services Law § 384-b (4) (b)" (Matter of Dayyan J.L. [Dayyan L.], 145 AD3d 1007, 1008 [2d Dept 2016]; see Matter of Micah L. [Rachel L.], 192 AD3d 1344, 1347 [3d Dept 2021]; cf. Family Ct Act § 631).
We have reviewed the mother's remaining contention and conclude that it does not warrant reversal or modification of the orders on appeal.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court