Matter of Dariell P.E. (Dannysha E.-C.) (2025 NY Slip Op 05338)

Matter of Dariell P.E. (Dannysha E.-C.)

2025 NY Slip Op 05338

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, OGDEN, AND HANNAH, JJ.

608 CAF 23-01688

[*1]IN THE MATTER OF DARIELL P.E. ————————————————————— ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
DANNYSHA E.-C., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
MYKALA PIERCE, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NATHALIE T. MARIN OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered August 28, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Social Services Law § 384-b, respondent mother appeals from 12 orders that, inter alia, terminated her parental rights with respect to the six subject children. In appeal Nos. 1 through 6, the mother appeals from orders that, inter alia, terminated her parental rights with respect to each child on the basis of abandonment, and in appeal Nos. 7 through 12 she appeals from orders that, inter alia, terminated her parental rights with respect to each child on the basis of permanent neglect.
We reject the mother's contention that petitioner failed to establish abandonment. "A child is deemed abandoned where, for the period six months immediately prior to the filing of the petition for abandonment . . . , a parent 'evinces an intent to forego [their] parental rights and obligations as manifested by [their] failure to visit the child and communicate with the child or [petitioner], although able to do so and not prevented or discouraged from doing so by [petitioner]' " (Matter of Azaleayanna S.G.-B. [Quaneesha S.G.], 141 AD3d 1105, 1105 [4th Dept 2016], quoting Social Services Law § 384-b [5] [a]; see § 384-b [4] [b]). Petitioner bears the burden of establishing abandonment "by clear and convincing evidence" (Matter of John F. [John F., Jr.], 149 AD3d 1581, 1582 [4th Dept 2017]).
Here, petitioner established by clear and convincing evidence that the mother had not visited three of the children during the relevant six-month period, and that she had visited the other three children just twice during that time. Although the mother contends that she remained in telephone contact with petitioner, testimony reflected that this contact largely involved petitioner's attempts at scheduling visitation, which the mother then declined to exercise. Under the circumstances of this case, we conclude that those are merely " 'sporadic and insubstantial contacts' " that do not defeat a finding of abandonment (Matter of Kaylee Z. [Rhiannon Z.], 154 AD3d 1341, 1342 [4th Dept 2017], lv denied 30 NY3d 911 [2018]; see Matter of Armani W. [Adifah W.], 167 AD3d 1569, 1570 [4th Dept 2018]).
We likewise reject the mother's contention that Family Court erred in finding that she permanently neglected the subject children. Upon our review of the record, we conclude that "[p]etitioner met its burden of establishing by clear and convincing evidence that it made diligent [*2]efforts to encourage and strengthen the relationship between the mother and [the children] by providing services and other assistance aimed at ameliorating or resolving the problems preventing [the children's] return to [the mother's] care . . . , and that the mother failed substantially and continuously to plan for the future of the child[ren] although physically and financially able to do so . . . Although the mother participated in [some of] the services offered by petitioner, she did not successfully address or gain insight into the problems that led to the removal of the child[ren] and continued to prevent the child[ren's] safe return" (Matter of Michael S. [Kathryne T.], 162 AD3d 1651, 1652 [4th Dept 2018], lv denied 32 NY3d 906 [2018] [internal quotation marks omitted]; see Social Services Law § 384-b [7] [a]; Matter of Giohna R. [John R.], 179 AD3d 1508, 1509 [4th Dept 2020], lv dismissed in part & denied in part 35 NY3d 1003 [2020]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court